[No. 2,857.]

# EX PARTE ELIZABETH JONES, AND ELLEN ELL-WOOD.

RELEASE ON BAIL NOT IMPRISONMENT. — Within the meaning of the Criminal Practice Act, a prisoner released on bail is not imprisoned during such release.

ENFORCEMENT OF JUDGMENT IN CRIMINAL CASE.—When a certified copy of a judgment in an appellate Court is remitted to the Court from which the appeal is taken, the appellate Court loses all jurisdiction of the case; and all orders necessary to carry the judgment into effect must be made by the lower Court. This provision of the statute is not confined to judgments in the Supreme Court, but is applicable to proceedings in the County Court.

COMMITMENT AFTER APPEAL.—When a party is convicted of a criminal offense and appeals to the County Court, and, pending the appeal, is released on bail, and the judgment is affirmed, a second commitment need only recite the judgment of conviction, and state that defendant appealed and the judgment was affirmed. It need not recite the judgment of the County Court, or that a remittitur had been issued.

PETITION to be discharged on habeas corpus.

The facts are stated in the opinion.

*George W. Tyler*, for the Petitioners.

*Attorney General Hamilton*, for the People.

By the Court, TEMPLE, J.:

The petitioners were convicted in the Police Court of San Francisco on the 7th day of October, 1870, of the crime of petit larceny, and sentenced to be imprisoned in the County Jail for the period of four months. From this judgment an appeal was taken to the County Court of the City and County of San Francisco, and the appeal having been perfected, the petitioners were admitted to bail, which having been given, they were discharged from custody on the 26th day of October, 1870.

The petitioners are now held upon a commitment issued by the Police Court, which, after reciting the judgment in the same words as in the first commitment, proceeds as follows: "Said defendants having appealed from said judgments to the honorable County Court of said city and county, and said judgments having been affirmed by said County Court," etc.

It is claimed that the commitment should recite the judgment, and that the statement in regard to the appeal is no part of the judgment and should be stricken out. This would leave nothing but the original judgment of October, 1870, which being appealed from, does not authorize the imprisonment of the petitioners; or, if it does, that more than four months have expired since its date, and petitioners are therefore entitled to their discharge. That the fact that the petitioners were released on bail is an immaterial circumstance, for the reason that they were still, in contemplation of law, in custody—the effect of giving bail being merely to constitute their bail their jailors, in place of the Sheriff.

For some purposes it may be true that a person released on bail is still in the custody of the law. The same degree of certainty is supposed to be secured, that he will be forthcoming to receive the punishment pronounced upon him, or that he will render himself in satisfaction of the judgment. This is appropriate language in reference to a civil proceeding, where the bail undertake to pay the debt, or that the defendant will render himself in satisfaction of the judgment.

The very phrase, however, "released on bail," implies that a person so released is not imprisoned after such release; and such is manifestly the meaning of the provisions of the Criminal Practice Act.

Section five hundred and four provides that when judgment of an appellate Court is given it shall be entered in

the minutes and a certified copy remitted to the Court from which the appeal was taken. Section five hundred and six enacts, that upon remitting this certificate the appellate Court shall lose all jurisdiction of the case, and all orders necessary to carry the judgment into effect shall be made by the Court to which the case is remitted. This provision does not seem to be confined to judgments in this Court; on the contrary, the preceding section, which provides that the papers returned to the appellate Court shall not be returned to the Court below, seems particularly applicable to proceedings in the County Court.

The judgment of the appellate Court is required to be certified to the lower Court, in order that the original judgment may be carried into effect by the lower Court, as directed by the appellate tribunal. If the certificate had been remitted in this case—affirming the judgment—the order made by the Police Court would be a proper order to be made to carry the original judgment into effect. It asserts the facts necessary to authorize the Court to make it; and it is not shown, or even asserted, that it is incorrect in that particular. I think we are bound to presume in favor of the regularity of the proceedings to that extent.

It is ordered that the writ be discharged and the prisoners remanded to the custody of the Sheriff, to be held in pursuance of the commitment.