THE STATE v. WILLIE (GID) KILE, Appellant.

Division Two, March 21, 1912.*

APPEAL: No Allocution: Remanded With Directions to Sentence: Nunc Pro Tunc Correction of Erroneous Record: Subsequent Appeal. Where on the former appeal the record proper showed that the motion for a new trial was filed after judgment, and also showed that there had been no proper allocution, and the cause was remanded with directions that defendant be brought into court and given opportunity to show cause why judgment should not be pronounced against him and that judgment be then pronounced, the trial court had no authority to do anything else than to proceed to carry out the mandate of the Supreme Court; and had no authority to correct the record of the trial court by *nunc pro tunc* orders, showing that the motion for a new trial was filed before judgment and showing a proper allocution and judgment, and hence an appeal taken after these amendments of the record must be dismissed. If the record proper was defective on the former appeal, proceedings should have been taken while the cause was pending in the Supreme Court to show diminution of record and to have the record corrected.

*NOTE. Certified to the Reporter on September 5, 1912, and therefore reported out of its chronological order.

Appeal from Shannon Circuit Court.—*Hon. W. N. Evans,* Judge.

APPEAL DISMISSED.

*James Orchard* for appellant.

*Elliott W. Major,* Attorney-General, and *John M. Dawson,* Assistant Attorney-General, for respondent.

Appellant appeals from the *nunc pro tunc* judgment. This court, in its former decision, State v. Kile, 231 Mo. 59, directed the trial court to enter judgment of sentence upon the verdict in regular form. Instead of obeying the order of the court, the trial court, as shown by the record, made a *nunc pro tunc* order of the judgment of sentence. On March 14, 1911, appellant filed his affidavit for appeal, which was granted to this court on that date, therefore, the judgment of sentence was entered on December 22, 1909, and the affidavit for appeal was filed eighteen months thereafter. For this reason the appeal should be dismissed. In criminal cases the appeal must be taken during the term at which such judgment is rendered. Sec. 5292, R. S. 1909. A *nunc pro tunc* judgment is not the rendering of a new judgment and the ascertainment and determination of new rights, but is placing in proper form on the record the judgment, that had been previously rendered, to make it speak the truth. Wilmerding v. Banking Co., 126 Ala. 268. The *nunc pro tunc* entry has the effect as of the former date. Its office is not to supply omitted action by the court, but to supply an omission really had but omitted through inadvertence or mistake. Perkins v. Haywood, 132 Ind. 95. Except as to the rights of third parties, a *nunc pro tunc* judgment is retrospective and has the same force and effect as if entered at the time when the judgment was originally entered. Burns v. Skelton, 68 S. W. 527. An appeal to the Supreme Court which is not taken at the term final judgment is rendered, will be stricken from the docket. State v. Rhodes, 86 Mo. 635.

FERRISS, P. J.—On September 20, 1909, the defendant was convicted of having seduced and debauched one Amy Powell, an unmarried female of good repute, under the age of twenty-one years. The case was appealed to this court, and the opinion rendered therein is reported in 231 Mo. 59. In that opinion the court finds that the motion for new trial was filed after judgment, and that, consequently, there was nothing before the court but the record proper. Upon an examination of the record the court found that there had been no proper allocution, and therefore sent the case back to the trial court, with the following directions:

"The failure of the record to show a proper allocution is an error occurring after the verdict and does not affect the regularity of the proceedings before judgment and therefore does not entitle the defendant to a reversal of the judgment and a new trial. [State v. McClain, 137 Mo. 307; State v. Snyder, 98 Mo. 555; State v. Nagel, 136 Mo. 45.]

"For the reason that the defendant was not informed of the verdict of the jury and asked to show cause why judgment should not be pronounced against him, this cause is remanded, with directions to the trial court that the defendant be brought into court and that judgment be pronounced in accordance with this opinion."

On the 14th day of March, 1911, the circuit court, instead of proceeding as directed by this court, made an order stating, in substance, that the cause coming up on motion for *nunc pro tunc* entries of arraignment, trial and conviction, motion for new trial and judgment thereon, sentence and appeal, and it appearing from the minutes of the clerk and on the court docket of the September term, 1909, that the verdict of the jury was rendered September 20, 1909, motion for new trial filed September 22, and overruled on that day, and that thereafter, on the same day, defendant

was sentenced, it was ordered "that the clerk of this court make the full and complete record of the above proceedings in the order in which they occurred and in which they are given above, now for then, which is accordingly done."

The original record on which the case was heard and decided in this court, as stated above, showed that the judgment followed the verdict of the jury on the same day, and that the motion for new trial was filed two days later.

On the making of the above order of March 14, 1911, the clerk proceeded to re-write the record from the beginning, which record, as re-written, shows that the verdict was rendered on September 20, 1909, motion for new trial filed two days later, and overruled on the same day, and that judgment, with proper allocution, was pronounced subsequently to the overruling of said motion, on the 22d day of September.

On the said 14th day of March, 1911, the defendant filed his affidavit for an appeal, which was granted, the time for filing bill of exceptions extended sixty days, and appeal bond given; and on the 13th day of April, 1911, the defendant filed what purports to be a bill of exceptions, which recites the foregoing proceedings in March and April, 1911, and also the proceedings at the trial in September, 1909, setting out the testimony and the motion for new trial and action of the court thereon, being in that regard a copy of the bill of exceptions which was filed in this court in the former appeal. The present bill recites the following conclusion:

And afterwards, to-wit, on the 14th day of March, 1911, it being the regular March term, 1911, of the Shannon County Circuit court, said cause having been previously appealed to the Supreme Court, and the Supreme Court having remanded and certified said cause back to the circuit court of Shannon county, Missouri, for sentence and further judgment, and after this court having entered the proper sentence of judgment, *nunc pro tunc*, on motion of defendant, and the record having been perfected in all particulars, defendant then

and there filed his application and affidavit for an appeal, which affidavit was by the court found to be sufficient, and appeal granted to the Supreme Court of Missouri, and defendant given sixty days from said date in which to file his bill of exceptions.

And now, on this the 10th day of April, 1911, defendant presents this his bill of exceptions, and asks that the same be signed, allowed and made a part of the record herein, which is accordingly done.                                                    W. N. EVANS,

Judge of the 20th Judicial Circuit of Missouri.

O. K.      G. S. SIZEMORE, Pros. Atty.

Upon the former appeal, this court rendered a final decision upon the proceedings in this case, down to the entry of judgment in the circuit court. The proceedings in the circuit court in March, 1911, by *nunc pro tunc* order changing the record in that court, could not affect the judgment already rendered in this court. Such judgment was rendered upon the record then before the court. If that record did not state the facts as they actually occurred, there was ample opportunity here to correct same by a suggestion of diminution of the record. The brief for the State in the original case called attention to the fact that the record showed that the judgment preceded the motion for a new trial, and there was ample time, after the service of the brief, to correct the error if it existed. No such attempt was made before the hearing in this court, nor afterwards by motion for rehearing. The defendant cannot, by proceedings subsequent to the judgment rendered in this court, bring the record of the trial before this court again for review.

Under our mandate, the trial court had but one duty to perform, namely, to call into court and re-sentence the defendant. The present appeal and bill of exceptions could bring before this court nothing which occurred prior to March, 1911. The only question, therefore, presented is, whether or not the action of the trial court in March, 1911, in making this *nunc pro tunc* order, and showing by the record as written pursuant to that order that the defendant

was properly sentenced in the first instance, was a compliance with the mandate of this court. As all the issues in the case were finally settled by our former judgment, leaving nothing to be done except pronouncing a proper judgment, and as the record now before the court shows that our direction to the trial court to bring the defendant into court and pronounce judgment in accordance with our opinion has not been complied with, this appeal is without warrant of law and must be dismissed. It.is so ordered.

*Kennish* and *Brown, JJ.,* concur.