## STATE, Respondent, v. ASHTON ROBY, Appellant.

[254 Pac. 210.]

FAILURE TO PRESERVE EXCEPTIONS PRECLUDES REVIEW—FORCIBLE DEFENSE OF RIGHT TO PARTNERSHIP PROPERTY—REVERSAL FOR ERROR IN JUDGMENT ONLY—EFFECT.

    1. An omission to charge on a particular point cannot be assigned as error, where no instruction on point has been requested by appellant.

2. Where instruction was given upon court's own motion, it cannot be reviewed, where no exception had been preserved by bill of exceptions.

3. Failure to preserve exception to court's denial of motion in arrest of judgment precludes review thereof.

4. Relation of partnership or joint tenancy does not, in absence of specific agreement, entitle one partner or co-owner to exclusive possession as against the other of property owned.

5. Possession of property under relationship of partner or joint tenant conferred no right on one partner to exercise privilege under C. S., sec. 8626, of making resistance to prevent illegal attempt by force to take property, as against copartner.

6. Where, in prosecution under C. S., sec. 8407, for exhibiting deadly weapon, judgment pronounced was of assault with deadly weapon which was not supported by record, the reversal for error in judgment only by appellate court is conclusive adjudication of all questions arising on record prior to sentence, so that jury's verdict of guilty and all precedent proceedings remain in full force and effect.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed L. Bryan, Judge.

Conviction for exhibiting deadly weapon under C. S., sec. 8407. *Reversed with directions.*

Walter Griffiths, for Appellant.

Force, agencies and words sufficient in violence to protect one's property, or property of which one has control, may be employed to resist a trespass or interference with the ownership or control of such property. (*State v. Howell,*

Publisher's Note.

1. See 14 R. C. L. 795.

4. See 7 R. C. L. 822; 20 R. C. L. 874.

See Criminal Law, 17 C. J., sec. 3333, p. 66, n. 15; sec. 3339, p. 76, n. 21; sec. 3418, p. 128, n. 54; sec. 3421, p. 130, n. 84; sec. 3761, p. 373, n. 94.

Joint Tenancy, 33 C. J., sec. 13, p. 909, n. 43.

Partnership, 30 Cyc., p. 445, n. 25, p. 446, n. 27 New.

Weapons, 40 Cyc., p. 872, n. 78.

21 Mont. 165, 53 Pac. 314; *People v. Ross,* 19 Cal. App. 469, 126 Pac. 375; *Parrish v. State,* 32 Tex. Cr. 583, 25 S. W. 420; *Yarborough v. State,* 66 Tex. Cr. 311, 147 S. W. 272; *Robey v. State,* 73 Tex. Cr. 9, 163 S. W. 713; *Dickenson v. State,* 3 Okl. Cr. 151, 104 Pac. 923; *Ryan v. Territory,* 12 Ariz. 208, 100 Pac. 770; *People v. Foss,* 80 Mich. 559, 20 Am. St. 532, 45 N. W. 480, 8 L. R. A. 472.)

The defendant in this case exercised and used only such language and actions as were necessary "to prevent an illegal attempt by force to take or injure property in his lawful possession," as authorized by C. S., sec. 8626. (*State v. Webb,* 163 Mo. App. 275, 146 S. W. 805; *State v. Brumley,* 53 Mo. App. 126; *State v. Cessna,* 170 Iowa, 726, Ann. Cas. 1917D, 289, 135 N. W. 194; *State v. Scott,* 142 N. C. 582, 55 S. E. 69, 9 L. R. A., N. S., 1148; *State v. Austin,* 123 N. C. 749, 31 S. E. 731; *Lassiter v. State,* 73 Tex. Cr. 35, 163 S. W. 710; *Souther v. State,* 18 Tex. App. 352; *State v. Yancey,* 74 N. C. 244; *People v. Adams,* 52 Mich. 105, 17 N. W. 715; *Commonwealth v. Lynn,* 123 Mass. 218.)

A court has no jurisdiction to pronounce or enter a judgment convicting defendant of a crime different from that charged in the complaint, or different from that determined by the verdict. (*Ex parte Cox,* 3 Ida. 530, 95 Am. St. 29, 32 Pac. 197.)

A. H. Conner, Attorney General, and John W. Cramer, Assistant Attorney General, for Respondent.

An omission to charge on a particular point cannot be assigned as error where no instruction on the point is requested by appellant. (*State v. Jurko,* 42 Ida. 319, 245 Pac. 685; *State v. Harness,* 10 Ida. 18, 76 Pac. 788.)

This court will not consider an assignment based upon the court's action in giving instructions on its own motion unless exceptions are saved and incorporated in a bill of exceptions; and the action of the court in denying a motion in arrest of judgment must be incorporated in a special bill of excep-

tions to be considered on appeal. (*State v. Maguire*, 31 Ida. 24, 169 Pac. 175.)

An erroneous recital or statement of the offense by the court in pronouncing sentence will not vitiate the judgment when the record fully discloses the offense for which the accused was indicted, tried and convicted. (*Hambrick v. State*, 80 Fla. 672, 14 A. L. R. 987, note 989, 86 So. 623.)

Neither an error nor mistake in a pleading or proceeding in a criminal case renders it invalid unless it has actually prejudiced the defendant, or tended to his prejudice in respect to a substantial right. (C. S., sec. 9191.)

T. BAILEY LEE, J.—The defendant, Ashton Roby, was convicted in the probate court of Canyon county upon a complaint filed by one Kennison, under C. S., sec. 8407, charging that he " . . . . did . . . . wilfully, knowingly, unlawfully and intentionally, in the presence of two or more persons, exhibit a deadly and dangerous weapon, to-wit: an automatic pistol, in a rude, angry and threatening manner." Upon appeal to the district court, the jury returned a verdict finding him guilty as charged. The court, apparently through inadvertence, adjudged him guilty of assault with a deadly weapon, but sentenced him in accordance with the terms of said sec. 8407.

[1] From this judgment he has appealed, specifying insufficiency of the evidence to support the verdict; that the court erred in giving instruction No. 4 under said sec. 8407 without including therein "exceptions contained in C. S., sec. 8626," in denying defendant's motion in arrest of judgment, and in pronouncing and entering the judgment appealed from. The court was not requested to instruct upon the matter appellant insists the court should have covered under C. S., sec. 8626. An omission to charge on a particular point cannot be assigned as error where no instruction on the point has been requested by appellant. (*State v. Harness*, 10 Ida. 18, 76 Pac. 788; *State v. Jurko*, 42 Ida. 319, 245 Pac. 685.)

[2] Nor can the criticised instruction be reviewed, since it was given upon the court's own motion, and no exception has been preserved by bill of exceptions. (*State* v. *Maguire*, 31 Ida. 24, 169 Pac. 175.)

[3] A similar failure to preserve an exception to the court's denial of the motion in arrest of judgment likewise precludes review. (*State* v. *Maguire, supra.*)

It appears that the complainant, Ray Kennison, went to appellant's home to get a derrick in which he swore he had a $65 interest. Appellant refused to let him have it. Kennison said he would "take it anyway." Whereupon, according to complainant, appellant started into the house "in a loud, angry manner, and came out with an automatic pistol and he said: 'Now you get!' " Complainant "just left." When asked why he left, he replied: "I didn't want to get shot." On cross-examination he said he knew there was no danger of his being shot unless he took the derrick, and that he feared to attempt to take it. A corroborating witness, Clifford Dobbins, testified as follows: " . . . . the first thing I heard was that Ray said he would have it; and Roby said, 'I'll show you whether you will or not'; and he run into the house, and, when he came back, he had this gun in his hand. 'Now,' he said, 'You get out of here!' " To the question: "Did Mr. Roby say: Get out of here, or words to that effect, in a loud voice?" he answered: "Yes, sir."

Appellant admitted that in response to Kennison's declared intention to take the derrick, he stated: "If that is the way you feel about it, I will see if you take it"; that he walked into the house and secured an automatic pistol, "walked back out again, off the door-step, and a little to the west of where Kennison was standing." There, he swore he held the gun behind him and said twice: "Ray, you go away!" Whereupon, complainant left without saying anything further. In this he was corroborated by Lucy and Glenn Roby. On this testimony, the jury evidently found

that the defendant exhibited the pistol in an angry and threatening manner.

[4] Appellant argues that under said sec. 8626 he was authorized to make such resistance as was sufficient "to prevent an illegal attempt by force to take the property in his lawful possession." That Kennison had an interest in the derrick was not denied, and must be deemed admitted. The relation between him and appellant was therefore that of partnership or joint tenancy. Neither relation, in the absence of a specific agreement, entitles one partner or co-owner to the exclusive possession as against the other of the property owned. (33 C. J. 909; 30 Cyc. 445.)

[5] It does not appear that Kennison sought anything beyond a temporary possession for his immediate need, whereas, it does appear that appellant was determined to exclude him permanently. Such a possession was not lawful, and conferred no right upon appellant to exercise the privilege given by the statute.

There is sufficient evidence to support the verdict; and the only question remaining for consideration is the court's adjudication of guilt different from that found by the jury or charged in the complaint.

[6] There is nothing in the record that would support the rendered judgment of assault with a deadly weapon. The verdict furnished no basis for it; and the judgment so pronounced was therefore erroneous. All proceedings, however, up to that time were regular. What, then, is the situation here? The rule would seem to be that where there is a reversal solely on account of error in the sentence or judgment, the judgment of the appellate court is a conclusive adjudication of all questions arising on the record prior to the sentence. (17 C. J. 373.) And the verdict and all precedent proceedings remain in full force and effect. (*State v. McClain,* 156 Mo. 99, 56 S. W. 731; *Territory v. Herrera,* 11 N. M. 129, 66 Pac. 523.) The decision and mandate of the appellate court, therefore, reinvests the lower court with jurisdiction to comply with the terms imposed.

(*Ex parte Jones*, 41 Cal. 209; *State v. Kile*, 242 Mo. 195, 149 S. W. 815; *State v. Harrison*, 21 Ark. 197.)

The judgment is reversed, with directions to the trial court to pronounce judgment in conformity with the verdict rendered and resentence the defendant accordingly.

Wm. E. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.