(No. 6670.   May 2, 1939.)

STATE, Respondent, v. DOUGLAS HIX, Appellant.

[90 Pac. (2d) 694.]

Kenneth S. Mackenzie, for Appellant.

J. W. Taylor, Attorney General, and R. W. Beckwith, Assistant Attorney General, for Respondent.

AILSHIE, C. J.—Appellant was convicted of the crime of assault with a deadly weapon (an open pocket knife) on the person of one Weeding. The altercation and fight took place in a beer parlor known as Lafe's Place in St. Anthony, the evening of July 22, 1937. During the afternoon and evening of that day, Weeding had been drinking beer, and some hard liquor, and shooting craps. After receiving a ten-dollar bill and placing same in a billfold in his pocket, Weeding said he was told by someone that appellant had taken or stolen his money from him. He was then in the cardroom and he thereupon went to appellant, who was at the bar in the front room, and hit him a couple of times with his fist, knocking him down. Appellant got up and asked Weeding why he hit him and then walked out of the beer parlor but returned in about two minutes. Coming up to Weeding he again asked him: "What did you hit me for?" An encounter then occurred between them, during which appellant inflicted twelve cuts on Weeding's shoulder, face and ear with a pocket knife. Appellant testified he had been cleaning his finger nails at the time Weeding first accosted him; that, when going back into the room and striking at Weeding, he didn't know he had the knife in his hand. He testified that he did not even know he had used the knife "until after the fight was over." In the excitement, he "didn't remember having the knife."

The jury returned a verdict coupled with recommendations as follows:

"We, the jury, duly impaneled and sworn to try the above entitled cause, find the defendant Douglas Hix guilty of Assault with a deadly weapon, as charged in the information.

Dated this 26th day of October, A. D. 1938.

R. A. GROVER, Foreman

The jury herein recommend to your Honor that leniency be used herein in passing judgment on defendant.

R. A. GROVER, Foreman

We further recommend that legal proceedings be instituted to prosecute and punish said Russell Weeding for his part in a charge of battery against defendant, Douglas Hix.

R. A. GROVER, Foreman."

The court entered judgment against the defendant and imposed a penalty of from six months to two years in the state penitentiary and commuted the sentence to six months in the county jail and payment of costs. This appeal is from the judgment.

■ The first contention made here is that the evidence is not sufficient to support the verdict of conviction. An examination of the evidence as contained in the record leads us to the conclusion that a jury could very well find upon the whole case that the defendant made an assault with a deadly weapon. It is apparent that complainant Weeding made the first assault and committed a battery on appellant, and the latter withdrew from the conflict, as he asserts, for the purpose of calling an officer, and returned in a couple minutes thereafter. There is some conflict as to the sequence of acts and happenstances between the two from the time of his return, though it seems reasonably certain that the second encounter opened by appellant asking Weeding why he struck appellant. From the time of appellant's asking that question on, there is a conflict of evidence as to the succession and order of events. It is certain, however, that in course of the controversy appellant inflicted something like a dozen knife wounds on Weeding's face, ear, neck and shoulder. There is sufficient evidence to support the verdict.

■ It is next contended that the court erred in overruling appellant's objections to the admission of the testimony of Weeding that "Douglas Hix, they told me, got it" (his money). It was error to admit this evidence. The witness was unable to tell and apparently did not know who made the remark, nor was Hix present when the statement was made. The fact that someone did tell him that Hix had taken some of his money was wholly immaterial in this prosecution, nor was it a part of the *res gestae*. In the light of this record and the recommendations made (*supra*) by the jury in returning their verdict, we cannot believe that this testimony in any way prejudiced the defendant in the minds of the jury. Furthermore, it appears from the record that the admission of this bit of evidence was at least in part brought about by a series of questions propounded to the witness Weeding by defendant's counsel, as to where he had worked, how much money he had earned and how much money he had when he came to St. Anthony, how much he spent and what he spent it for, and generally what he did with his money. It also appears that in answer to the question by defendant's counsel: "Did you say anything to him before you struck, at all?" Weeding answered: "I asked him if he got my money." Defendant denied getting it and asked to be searched for the money. All this line of questions was asked the witness prior to his giving the first above-quoted answer to a question by the prosecutor.

■■ It is next contended that the court erred "in failing to charge (the jury) that the defendant had the right to continue his self defense as long as the danger continued, or appeared to him to continue." We have examined the instructions and we think Instruction No. 6 given by the court fully covers the question raised by this assignment, and was in fact more favorable to appellant than he was entitled to have given under the facts of this case. Furthermore, it is a settled rule in this jurisdiction that if a defendant desires a special instruction on any particular phase of his case, he must request an instruction thereon; otherwise he cannot be heard to complain of the failure of the court to cover the particular point. (*State v. Roby,* 43 Ida. 724, 254 Pac. 210;

*State v. Jurko,* 42 Ida. 319, 245 Pac. 685; *State v. Smailes,* 51 Ida. 321, 5 Pac. (2d) 540.)

Judgment affirmed.

Givens, J., concurs.

Morgan, J., concurs in the conclusion.

Budge, J., sat at the hearing but took no part in the decision.

Holden, J., did not sit at the hearing and took no part in the decision.