210 P.2d 388

**STATE v. KLEIER.**
No. 7430.

Supreme Court of Idaho.
Oct. 4, 1949.

Ariel L. Crowley, of Boise, for appellant.

Robert E. Smylie, Atty. Gen., and J. R. Smead, Asst. Atty. Gen., for respondent.

HOLDEN, Chief Justice.

Donald P. Kleier was charged with and convicted of the crime of attempted burglary, from which conviction he appeals.

It appears from the record there is a place in Nampa called the Waldorf Cigar Store having an alley door at the rear. The cigar store is on the ground floor of a two-story building. A steep rickety and narrow back stairway with hand rails leads to the second floor. In the early morning of February 22, 1947, a Nampa police officer saw Kleier and another man walking up the stairway, Kleier was carrying a bolt cutter in his right hand. The officer ordered the men to stop and come downstairs. Kleier then laid a bolt cutter down on the stairway. On coming down both were placed under arrest, Kleier being later charged with and convicted of the crime of attempted burglary.

Many errors are assigned and numerous contentions made, some, quite a number, do not merit consideration. Furthermore, to discuss and consider all would unduly lengthen this opinion and serve no useful purpose. The contentions deemed to merit consideration will be discussed in the following order:

1. That the evidence is insufficient to support the conviction.

It appears that in the early morning of February 22, 1947, Officer Cardwell of the Nampa police force, was sitting in the cab of a truck standing in a parking lot in Nampa close to the scene of the attempted burglary; that while sitting in the truck he observed three men enter the lot; that in the course of a conversation between them he heard appellant say: "I will take the cutters"; that appellant and a man named Matthews then left the group going in the direction of the Waldorf Cigar Store, appellant carrying something which looked like cutters.

It also appears there is a back stairway leading to the second floor of the building occupied by the cigar store and that the

494

stairway was lighted. That appellant and another named Matthews were seen going up that stairway; that appellant was carrying a pair of bolt cutters in his right hand; that an officer stopped them and ordered them to come down; that before coming down appellant laid a pair of bolt cutters down on the stairway; that when asked what they were doing there it was answered: "We are looking for Johnnie." And it further appears one of the bars of a transom above the back door of the cigar store was found partially cut, and in addition and in connection therewith such partial cut had been made with the said bolt cutters.

Appellant argues, among other things, that the back stairway was not sufficiently lighted to enable the officer to recognize anybody on the stairway and that there is no evidence appellant intended to commit the crime of attempted burglary. Nevertheless, there is convincing evidence in the record the stairway was sufficiently lighted, and, furthermore, that appellant was actually recognized, ordered to come down the stairway and when he got down was placed under arrest.

Concerning the question of intent to commit the crime with which appellant was charged and convicted, his conduct from the time he left the parking lot to the moment he was placed under arrest at the scene of the crime, clearly and sufficiently prove an intent to commit burglary. And whether appellant was too drunk to have committed the offense or to form an intent to commit it, was a question for the jury and the jury found against him.

2. That the court erred in permitting R. J. Pritchett and Austin H. Johnson to testify, in that it is contended their names were not indorsed on the information.

It appears that both Pritchett and Johnson testified at the preliminary examination of the appellant; that Pritchett's name was indorsed on the information as R. I. Pritchett instead of R. J. Pritchett and that Austin H. Johnson's name was indorsed on the information as Austin Johnson instead of Austin H. Johnson. On the trial of the cause objection was made to these witnesses testifying. The court overruled the objection and the ruling of the court is assigned as error. Pritchett and Johnson having testified at the preliminary examination, appellant could not have been either misled or taken by surprise.

3. That the court erred in denying appellant's application to have the jury conducted to the scene of the crime.

Section 19-2124, I.C., in so far as material, provides: [Sec. 19-2124] "View of premises by jury.—When, in the opinion of the court, it is proper that the jury should view the place in which the offense is charged to have been committed, or in which any other material fact occurred, it may order the jury to be conducted in a body, in the custody of the sheriff, to the place, which must be shown to them by a

person appointed by the court for that purpose; * * *."

The record shows the physical condition at the scene of the crime had changed. Under these circumstances, the court did not abuse its discretion by denying the application.

4. That the statutory right to ask a witness for purposes of impeachment if he had been convicted of a felony is limited to civil cases.

Section 9-1209, I.C., provides among other things a witness in a civil action may be impeached by examination showing "he had been convicted of a felony." Section 19-2110, I.C., expressly provides: "The rules of evidence in civil actions are applicable also to criminal actions," and section 19-3001, I.C., further provides, "The rules for determining the competency of witnesses in civil actions are applicable also to criminal actions and proceedings". It being provided (sec. 9-1209, supra) a witness may be examined in a civil action as to whether he had been convicted of a felony; and it being also provided the rules of evidence in civil actions are also applicable to criminal actions; and it being further provided the rules for determining the competency of witnesses in civil actions are applicable also to criminal actions, make it clear the legislature intended a witness might be impeached in a criminal action, as in a civil action, by examination showing he had been convicted of a felony.

5. That an instruction which assumes the guilt of an accused person is prejudicially erroneous.

That may be conceded. The instruction so objected to is number 7. It instructed the jury: "You are instructed that no act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition. But whenever the actual evidence of any particular purpose, motive, or intent is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time, in determining the purpose, motive or intent with which he committed the act."

Evidence was adduced in behalf of accused to the effect he was drinking heavily in numerous places and that he was too drunk on the night in question to have committed the offense. Instruction No. 7 applied only to that evidence and clearly stated the law without assuming appellant was guilty.

6. That the court erred in giving instruction No. 9, in that, it is argued, certain language included therein reading as follows, was confusing: "leading on the whole to a satisfactory conclusion and producing effect a reasonable and moral certainty."

Instruction No. 9 reads: "You are instructed that in order to warrant a conviction of crime on circumstantial evidence, the circumstances taken together should be

of a conclusive nature and tendency, leading on the whole to a satisfactory conclusion and producing effect a reasonable and moral certainty that the accused and no one else committed the offense charged; and it is the invariable rule of law that to warrant a conviction upon circumstantial evidence alone, such facts and circumstances must be shown as are consistent with the guilt of the party charged, and as cannot, upon any reasonable theory, be true and the party charged be innocent; and in this case if all the facts and circumstances relied upon by the State to secure a conviction can be reasonably accounted for upon any theory consistent with the innocence of the defendant, then the jury should acquit the defendant."

▇ The instruction correctly states the law. It is clear the typographical error complained of could not have confused the jury nor prejudiced appellant. State v. Clark, 47 Idaho 750, 758, 278 P. 776.

7. That the court erred in giving instruction No. 10 for the reason that the same is as to the portion thereof reading "or, not being present, have advised and encouraged the commission" was "unfounded in the evidence, and authorized a conviction upon conjecture and want of evidence."

Instruction No. 10 follows: "You are instructed that all persons concerned in the commission of a crime, whether it be a felony or misdemeanor, or whether they directly commit the act constituting the offense or aid or abet in its commission, or not being present, have advised and encouraged its commission, are principals in any crime so committed and are liable to punishment under the laws of this state."

▇ The court instructed the jury the burden was on the state to prove every material allegation in the information beyond a reasonable doubt, and the court also instructed the jury it was not to single out any one instruction as stating the law of the case, and, further, that the instructions were to be taken and considered as a whole and that no one of them stated all the law of the case. It cannot be said instruction No. 10, when read and considered with the instructions given by the court as a whole, authorized a conviction upon either conjecture or want of evidence, as contended by appellant.

▇ 8. That the court erred in denying appellant's offer to prove that in the early morning of February 22, 1947, one William Farrell told one William Matthews, while Farrell, Matthews and appellant were going downstairs, that he, Farrell, would go to the Terminal rooms and get a room for appellant, and for Matthews to take appellant to that place.

The offered proof had no bearing on any material issue in the case. The offer, therefore, was properly denied.

▇ 9. That the court erred in giving instruction No. 11 by failing to state therein that a lack of evidence on the part of the state can give rise to a reasonable doubt. "* * * it is a settled rule in

this jurisdiction that if a defendant desires a special instruction *on any particular phase* of his case, he must request an instruction thereon; otherwise he cannot be heard to complain of the failure of the court to cover the particular point. State v. Roby, 43 Idaho 724, 254 P. 210; State v. Jurko, 42 Idaho 319, 245 P. 685; State v. Smailes, 51 Idaho 321, 5 P.2d 540." (Emphasis added.) State v. Hix, 60 Idaho 224, 227, 90 P.2d 694, 695.

Here, no instruction was requested.

We find no prejudicial error in either the instructions or the admission or rejection of evidence. And it appearing appellant had a fair and impartial trial, the judgment of conviction must be affirmed, and it is so ordered.

GIVENS, PORTER, TAYLOR and KEETON, JJ., concur.