# THE PEOPLE OF THE STATE OF CALIFORNIA v. PHILIP DICK.

CHALLENGE TO JURORS IN CRIMINAL CASES.—In a criminal case a challenge to a juror for implied bias must, in addition to that fact, state some one or more of the specific grounds therefor enumerated in section three hundred and forty seven of the Criminal Practice Act, and a challenge for actual bias must allege that the juror is biased against the party challenging. A challenge which merely states that "the juror is challenged for cause," "for implied bias," or "for actual bias," is no challenge.

SPECIFICATIONS IN MOTION IN ARREST OF JUDGMENT.—The defects in the indictment authorizing a motion in arrest of judgment under section four hundred and forty-two of the Criminal Practice Act, must be specifically stated and pointed out as the basis of such motion in the Court below, to entitle the action of the Court thereon to review on appeal.

IDEM—WHAT DEFECTS IN INDICTMENT NOT HELD FATAL.—Mere formal defects in
the indictment, by which no substantial right of the defendant could be affected,
will not justify an arrest of the judgment. Thus, where in an indictment for
murder, the initial letters only of the Christian names of the deceased were pre-
fixed to his surname, and it did not appear but that he was generally known,
recognized, and identified by the name as contained in the indictment, this Court
will not reverse the order of the Court below refusing to arrest the judgment.

TESTS OF THE SUFFICIENCY OF CRIMINAL PLEADINGS.—In this State, Courts are
required to observe and enforce the tests prescribed by sections two hundred and
forty-three and two hundred and forty-six of the Criminal Practice Act, as to the
sufficiency of criminal pleadings as paramount to the ancient rules of the com-
mon law.

INSTRUCTIONS—PROOF OF *Corpus Delicti.*—On a trial for murder the Court gave
an instruction to the jury which, by necessary implication, assumed that the
death of the deceased was the result of wounds inflicted upon his body by some
other person, but in a subsequent instruction fairly submitted to the consideration
of the jury the question whether the defendant killed the deceased, and instructed
the jury to acquit if, upon the evidence, they entertained a reasonable doubt on
that point. *Held,* that while the first instruction was erroneous, because it assumed
the establishment of the *corpus delicti,* yet the error was rendered harmless to
the defendant by the last instruction, and did not justify a reversal of the judg-
ment.

APPEAL from the District Court, Fifth Judicial District,
San Joaquin County.

The defendant, who was indicted for the murder of S. M.
Simpson, was tried and convicted of murder in the first
degree. At the trial, and while the jury were being empan-
eled, the counsel for defendant, after examining separately
several persons who had been summoned as trial jurors
touching their qualifications as such jurors, interposed a
challenge to each, "for cause"—which was overruled by the
Court, and the counsel for defendant excepted. The defend-
ant's counsel moved that the judgment be arrested, on the
ground that the indictment did not conform to the two hun-
dred and thirty-seventh and two hundred and thirty-eighth
sections of the Criminal Practice Act. The motion was
denied by the Court, and defendant's counsel duly excepted.
The defendant appealed from the judgment and from the
order denying said motion in arrest of judgment.

The other facts are stated in the opinion of the Court

*Byers & Elliott*, for Appellant.

*Jo Hamilton, Attorney General*, for the People,

By the Court, SPRAGUE, J.:

Appellant's exceptions to the action of the Court in disallowing his challenges for cause of the three jurors, Marsh, Humsacker, and Carlin, are not well taken. It does not appear that either of the persons named were challenged upon any specific ground of challenge authorized by statute. To simply state that "the juror is challenged for cause," as in this case, or the juror is challenged for implied bias, or for actual bias, is not such challenge as the trial Court is required to recognize. It is no challenge. A challenge for *implied bias* must distinctly state some one or more of the specific grounds enumerated in section three hundred and forty-seven of our Criminal Practice Act, and a challenge for *actual bias* must allege that the juror is biased against the party challenging. (Crim. Pr. Act, Sec. 349; *People* v. *Reynolds*, 16 Cal. 130; *People* v. *Hardin, ante*, 258.)

Appellant's motion in arrest of judgment was properly overruled, as it does not appear upon what grounds such motion was made. The defects in the indictment authorizing a motion in arrest of judgment, under section four hundred and forty-two of the Criminal Practice Act, must be specifically stated, and pointed out as the basis of such motion in the Court below, to entitle the action of the Court thereon to review on appeal. We will not notice a mere formal defect in the indictment, urged for the first time in this Court; and, even had the specific defect, now for the first time presented in appellant's brief, been specially stated as the ground of his motion in arrest of judgment, we should not feel justified in overruling the order of the Court below denying the motion, as it does not appear that any substantial right of defendant was affected thereby. (Crim. Pr. Act, Sec. 449.)

Names are used for the purpose of identification, (*People* v. *Kelly*, 6 Cal. 212,) and it does not appear but that the evidence disclosed that the deceased was uniformly and generally known, recognized, and identified by the name of S. M. Simpson, or that he had ever had or was recognized by any other christian name than S. M.; and, although S. and M. may have been—and doubtless were—but the initial letters of his real christian names, still he may have been more readily recognized and identified by the name of S. M. Simpson than by the prefix of the full christian names to the surname Simpson, in which case a greater degree of certainty is attained, so far as advising the defendant of the circumstance of the offense charged, than would have been by a prefix of the full christian names of the deceased, and a substantial compliance with the two hundred and thirty-seventh and two hundred and thirty-eighth sections of the Criminal Practice Act in this respect is accomplished. Section two hundred and twenty-five of said Act provides that "all the forms of pleading in criminal actions, and the rules by which the sufficiency of pleadings is determined, shall be those prescribed by this Act." Section two hundred and forty-six prescribes the rules by which the sufficiency of an indictment is to be determined; and section two hundred and forty-three provides, that "when an offense involves the commission or an attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, shall not be deemed material."

In this State, Courts are required to observe and enforce these tests as paramount to the ancient rules of common law. (*People* v. *King*, 27 Cal. 510.)

The only remaining error assigned which seems of any serious importance relates to an instruction of the Court to the jury. This instruction, after giving the statutory definition of murder in the first and second degrees, and of manslaughter, with very accurate and full explanations, contains

the following language: "With these definitions of murder before you, you will, from all the testimony submitted for your investigation, determine whether the killing of S. M. Simpson was, on the part of the person inflicting the wound from which he died, either murder in the first or second degree."

As the prerequisite to the conviction of any party charged with the commission of a crime, it must be established that a crime of the character charged against him, or a crime of an inferior grade necessarily included therein, has been committed, (1 Wharton Am. Cr. Law, 6th ed., Secs. 745 and 746, and cases cited;) and the first step in the progress of a trial for murder before a jury, after reading the indictment and stating the defendant's plea thereto, is the introduction of evidence tending to establish the *corpus delicti,* or that the death of the person indicated in the indictment has been caused and accomplished by the acts of personal violence, or the direct criminal agency of some other human being or beings. And on the final submission of the cause to the jury upon the evidence, their first inquiry should be addressed to a determination, from the evidence, of the question involving this indispensable prerequisite fact. Any instruction of the Court to the jury, therefore, which directly assumes this fact as established, is technically and substantially erroneous, unless, in immediate connection with such instruction, or in some other part of the instructions given, the Court has obviated the objection by a plain, unequivocal submission of this question to the jury, as necessary to be determined by them upon the evidence, in the affirmative, before defendant can be convicted of the crime.

The instruction under consideration, by implication, assumes that the death of S. M. Simpson was the result of wounds inflicted upon his body by some other person, and technically is obnoxious in some degree to the exception urged by appellant, taken by itself; but when taken in conjunction with an instruction succeeding it, we do not think

Cal. Reps. XXXVII—36

defendant could have been prejudiced thereby. The subsequent instruction of the Court upon this point is in the following language: "If, after full examination of all the testimony in the case tending to point out the manner in which Simpson came to his death, you have a reasonable doubt as to whether the defendant now on trial killed Simpson, then it is your sworn duty to give a verdict of acquittal."

This instruction directly presents the simple question to the jury, upon the evidence, whether Simpson came to his death at the hands of the defendant, and necessarily directly involves the *corpus delicti.* Although the instructions, as found in the record, do not appear to have been methodically arranged or very carefully worded, we are satisfied that, taken together, the law applicable to the case was very fully and fairly presented to the jury, in a manner not prejudicial to any legal right of defendant.

Judgment affirmed.