[No. 20379. In Bank.—March 20, 1888.]

THE PEOPLE, RESPONDENT, v. BILL WILLIAMS, APPELLANT.

CRIMINAL LAW — MURDER — INSTRUCTIONS — ASSUMPTION OF GUILT. — In a prosecution for murder, an instruction which inadvertently assumes the guilt of the defendant is cured, if the court subsequently states to the jury that it did not intend to make any intimation as to the guilt of the defendant, and fully charges them as to the burden of proof, and as to the necessity of the prosecution proving every essential fact beyond a reasonable doubt.

ID. — INSTRUCTION TO ACQUIT — MALICE. —- An instruction asked by the defendant, to the effect that unless it was established by the evidence that the killing was unlawful and with malice aforethought the jury must acquit, is properly qualified by adding the words " of the crime of murder."

ID. — APPEAL — INSTRUCTION NOT WARRANTED BY EVIDENCE. — On an appeal in such a case, an instruction upon the subject of insanity will not be held unwarranted by any issue in the case, in the absence of a bill of exception containing the evidence.

APPEAL from a judgment of the Superior Court of Butte County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*W. J. Herrin*, for Appellant.

*Attorney-General Johnson*, for Respondent.

TEMPLE, J.—The defendant was tried for murder, and being convicted of manslaughter, appeals from the judg-

ment, and from an order denying his motion for a new trial. There is no bill of exceptions, however, in the record, and we have before us only the judgment roll.

The first exception urged here is to the refusal of the court to give an instruction asked by the defendant, to the effect that if the killing was done in necessary self-defense the defendant must be acquitted. This proposition is fully covered by instructions which were given.

It is next objected that the court instructed the jury as follows:—

"In this case, if the killing was willful, that is, intentional, deliberate, and premeditated, it is murder in the first degree; otherwise, it may be murder in the second degree or manslaughter, as the evidence may convince your minds."

Taken by itself, this instruction is, no doubt, defective in assuming the guilt of defendant. We may assume, however, that the fact of killing by defendant was admitted. This is an extract from a lengthy instruction on the subject of voluntary drunkenness, and the court was explaining the proposition that although such intoxication does not excuse crime, yet it may be considered in determining the degree of the offense. Taken with the context, the extract plainly means, "In this case, if a crime has been committed by the defendant while in a state of voluntary intoxication, if the killing was willful," etc.

In concluding the instruction upon the subject, the judge added: "I desire to say, in connection with these instructions, that I do not intend to intimate to you, or to tell you in any way, whether this defendant was guilty of any crime or not. I call attention to this, because, as I remember now, that in giving part of one instruction which I just read to you I omitted to state that which I should have stated at the time."

The jury were very fully instructed as to the burden of proof, and that the prosecution must establish every

essential fact beyond a reasonable doubt. We think the inadvertence was fully cured.

Not conceding that there was error in any possible view in telling the jury that in determining the weight to be given to the testimony of the witnesses they should consider the character and appearance of the witnesses, it is enough for this appeal to say that we cannot tell that evidence was not before the jury as to the character of each witness called.

The judge very properly qualified the instruction asked, to the effect that unless it was established by the evidence that the killing was unlawful and with malice aforethought they must acquit, by adding "of the crime of murder."

Admitting that the charge contains an instruction upon the subject of insanity, we cannot say, in the absence of a bill of exceptions containing the evidence, that it was not warranted by some issue in the case. There is no such plea as insanity, and we do not know that the issue did not arise at the trial.

The judgment and order are affirmed.

McKinstry, J., Searls, C. J., McFarland, J., Sharpstein, J., Thornton, J., and Paterson, J., concurred.