No. 20,796.

R. E. GARDNER et al., *Appellants*, v. THE BOARD OF COMMISSIONERS OF THE CITY OF LEAVENWORTH et al., *Appellees*.

SYLLABUS BY THE COURT.

1. SEWER—*Special Assessments—Injunction.* In an action to enjoin the collection of a special assessment for the cost of a sewer, on the ground that the amount is too large, the question whether by the adoption of a different plan the same benefits might have been obtained for the property in question at a less cost is not open to inquiry.

2. SAME—*Failure of City to Supply Water.* The fact that the city has not supplied water for use in flushing is not a bar to the collection of special assessments for the cost of a sewer.

3. SAME—*Special Assessments—Inequality of Apportionments—Injunction.* In an action to enjoin the collection of assessments against the property in a subdistrict for the cost of a lateral sewer no relief can be had because of any inequalities in the apportionment of the cost of the main sewer, which has become final and unassailable.

Appeal from Leavenworth district court; JAMES H. WENDORFF, judge. Opinion filed April 7, 1917. Affirmed.

*W. W. Hooper,* and *J. A. Hall,* both of Leavenworth, for the appellants.

*C. P. Rutherford,* city attorney, for the appellees.

The opinion of the court was delivered by

MASON, J.: The owners of a number of city lots in Leavenworth united in an action to enjoin the collection of special assessments levied to cover the cost of a lateral or tributary sewer. A demurrer to their evidence was sustained, and they appeal.

One of the appellants owns lot 12, lying in the southwest corner of block 3 in Rees, Doniphan & Thornton's addition. The others own various lots in block 19 of Day's addition, which lies just north of the block first described. The two blocks comprise a sewerage subdistrict. The main sewer, which was paid for by assessments levied upon all the lots within the sewer district, did not touch either of the blocks referred to, but one branch of it extended to a point across the street from the middle of the east side of block 3, and another to a point near the northwest corner of block 19. The lateral sewer for the subdistrict was constructed so as to discharge into the main sewer at the northwest corner of block 19, through a pipe laid in the street west of the two blocks. The situation is shown by the accompanying plat, on page 353, the lines through the alleys and street showing the location of the lateral in question.

1. Testimony was given that it would have been practical and easy to connect the sewer in the east-and-west alley in block 3 with the main sewer, which ended across the street from the middle of the east line of the block, as the ground sloped to the east and there was no obstruction in the street, and that this arrangement would have dispensed with the necessity for the lateral sewer running along the street west of the block. The plaintiffs argue that this evidence showed that at least a part of the sewer was unnecessary and that their property should not be taxed with the cost of its construction.

Gardner v. City of Leavenworth.

23—100 Kan.

Whether the property in blocks 3 and 19 should have been connected with the main sewer lying east of block 3 or with that lying northwest of block 19 was a problem of engineering and administration, or perhaps of legislation, concerning which the decision of the municipal authorities, given in good faith, must be regarded as final, and not subject to review by the courts. (28 Cyc. 917; 4 Dillon's Municipal Corporations, 5th ed., § 1739.) Testimony that it would have been practicable and easy to connect the sewer in block 3 with the main sewer on the east has no tendency to show that the officials who were charged with the duty of adopting plans for the work acted in bad faith in deciding to have the connection made elsewhere.

2. There was also evidence that the city had not supplied water for use in the sewers in the blocks referred to, from which it is argued that they were of no benefit to the owners of the property in question. Even assuming that the practical value of the sewer depended largely upon the furnishing of city water for flushing purposes, the fact that the water had not yet been provided would not render the assessment of the tax illegal, for there would be a reasonable expectation that it would be supplied later. (*Coates v. Nugent,* 76 Kan. 556, 563, 92 Pac. 597.)

3. A further complaint of the appellants, as we understand it, is this: Each lot in blocks 3 and 19 was assessed in substantially the same amount (averaging about $34) as the lots in block 2, which lies just east of block 3, to pay for the main sewer; the lots in blocks 3 and 19 are now charged with a further sum (said to be $72, although we do not find the figures in the abstract) for a lateral sewer to connect them with the main sewer, while the lots in block 2, being adjacent to the main sewer, are subjected to no such additional charge; the owners of lots in blocks 3 and 19 are therefore required to pay $106 for the same privileges acquired by the owners of lots in block 2 by the payment of $34; this difference is too large to be accounted for as a mere error of judgment, and shows such unreasonable and arbitrary conduct on the part of the city officials as to invalidate the assessment. If any such inequality in fact exists it is obviously due to an unjust apportionment of

the cost of the main sewer. These plaintiffs attacked the ordi-
nance giving effect to that apportionment, but it was held that
their action was begun too late to entitle them to relief.
(*Gardner v. City of Leavenworth*, 94 Kan. 509, 146 Pac. 1000.)
The assessments for the cost of the main sewer are no longer
open to challenge. The assessments for the lateral are a dis-
tinct matter. (*Coates v. Nugent*, supra.) The evidence did
not tend to show that they were unfairly made.

The judgment is affirmed.