[Crim. No. 2000.   First Appellate District, Division One.—January 30, 1939.]

THE PEOPLE, Respondent, v. PERCY DYER, Appellant.

Percy Dyer, *in pro. per.,* for Appellant.

U. S. Webb, Attorney-General, and F. Walter French, Deputy Attorney-General, for Respondent.

GRAY, J., *pro tem.*—At the close of the trial in which appellant, although represented by the public defender, had actively examined witnesses, the jury found him guilty of robbery in the first degree, as charged in the indictment. Upon arraignment he had admitted a prior conviction of robbery. His motions for a new trial and in arrest of judgment having been denied, he was sentenced to imprisonment in the state penitentiary. He appeals *in propria persona.*

Appellant does not dispute the sufficiency of the evidence to establish the commission of the crime by two unmasked men but he does question the sufficiency of witnesses' identification of him as a participant therein. The following summary of the essential evidence bearing upon this identification

omits all reference to the other participant, as he is not a defendant. The usher of a theater testified that a man, whom he identified as appellant, approached him in the well-lighted lobby at about 10:45 P. M. and, while standing within two feet of him, inquired as to the presence of a former employee of the theater; that appellant, upon being advised of the latter's absence, asked for the manager, and that he notified the manager by an inter-office telephone that appellant wished to see him. The manager swore that in response to the telephone call he went downstairs into the lobby where he met a man whom he identified as appellant; that the latter, after inquiring for the former employee, approached closely and displayed a gun; that, as commanded by appellant, he accompanied him upstairs to an illuminated office, where he delivered to appellant money which he removed from the safe; that both then walked downstairs, out of the theater and along the sidewalk to the next corner where appellant hastily entered a parked automobile; the occupant of this automobile stated that the man entering the automobile, whom he identified as appellant, forced him, by threatening gestures with a gun, to drive several blocks, during which time they conversed, and that then appellant, after offering to give him taxi fare from four rolls of nickels which he took from a sack carried under his coat, ejected him from the automobile and drove it away. Each stated that appellant was unmasked.

Each witness had ample opportunity, time and light for observation of the robber. Whether fear, engendered by his actions, weakened the accuracy of such observation depends upon whether such fear sharpened or dulled the witnesses' faculties. Four alibi witnesses fixed the times when they saw him so long before or after the commission of the crime as to in nowise negative his presence at its scene. Two others saw him at about the time of the crime at places so far from its scene as to make it improbable for him to have been there also. The failure of the police to find the booty or gun in appellant's possession, and his denial of guilt when arrested, do not necessarily prove his innocence. While the jury properly could have considered these matters in passing upon the credibility of the identifications, it was not compelled thereby to discredit them. Its finding, implied in the verdict, that such identifications were trustworthy is final and conclusive upon any conflict between these matters and

the identifications. (*People* v. *Covington*, 121 Cal. App. 61 [8 Pac. (2d) 490].)

The prosecution, in the direct examination of the three witnesses first mentioned, interrogated each as to his selection of a photograph from numerous others in a book called the "police rogues' gallery" as that of appellant, and as to his picking out of appellant, as the robber, from a "line-up" of prisoners. The appellant not only did not object to such questioning but, in an attempt to weaken their identifications and to show they were based upon the photograph and the "line-up" rather than observation at the time of the crime, personally and by attorney cross-examined these witnesses as to these occurrences. He also offered the contradictory testimony of several prisoners as to what happened at the "line-up". The admission of this testimony was erroneous, but appellant cannot complain since he did not object thereto. In view of the positive identification of appellant otherwise, such error does not warrant a reversal. (*People* v. *Cotton*, 117 Cal. App. 469 [4 Pac. (2d) 247]; *People* v. *Covington, supra; People* v. *Lavender*, 137 Cal. App. 582 [31 Pac. (2d) 439].)

Appellant attempted to prove by the testimony of a former employer that his reputation for honesty, peace and quiet was good, but the court ruled that he could only prove his reputation for peace and quiet. In his argument in support of his offer, appellant personally stated in the presence of the jury that he was on parole from the penitentiary when working for the witness. Appellant was entitled to prove his general reputation for traits of character involved in the crime of robbery. As honesty has been held a trait involved in the kindred crimes of larceny (*People* v. *Heape*, 72 Cal. App. 226 [237 Pac. 66]), and of burglary (*People* v. *Osterhelt*, 125 Cal. App. 723 [14 Pac. (2d) 140]), the court's ruling appears to be wrong. But the exclusion of this evidence could not have injured appellant in the light of his own statement that he was a convict (*People* v. *Pauli*, 58 Cal. App. 594 [209 Pac. 88]), nor could it, if the entire record is considered, have resulted in a miscarriage of justice, without which the conviction may not be reversed. (*People* v. *Derrick*, 85 Cal. App. 406 [259 Pac. 481].)

In his closing argument the district attorney compared appellant's alibi with an alibi unsuccessfully offered in a murder case of considerable local notoriety. Appellant

did not assign these remarks as error, nor request that they be stricken out and the jury admonished to disregard them. However, such type of argument is permissible. (*People* v. *Molina*, 126 Cal. 505 [59 Pac. 34]; *People* v. *Lee Yick*, 189 Cal. 599 [209 Pac. 538].) ■ By way of introduction to its instructions on the law of accessories, the court said: "Now, of course, there was some evidence here that some person was with the defendant." Appellant argues that this statement assumed he was present at and committed the robbery, and therefore invaded the province of the jury in determining the ultimate fact in issue. However, the court advised the jurors that they were the exclusive judges of the weight of evidence and the credibility of witnesses; that they were not to understand that the court was expressing any opinions upon these matters, and that they were to disregard any assumption of the court that any fact was proven. It also fully and fairly charged them as to the elements of robbery, the burden of proof and the necessity of the prosecution proving every element of the crime beyond a reasonable doubt. The inadvertent statement, if error, was cured by these other instructions. (*People* v. *Dick*, 37 Cal. 277; *People* v. *Williams*, 75 Cal. 306 [17 Pac. 211]; *People* v. *Follette*, 74 Cal. App. 178 [240 Pac. 502].)

Finding no reversible error in the record, the judgment and order appealed from are affirmed.

Tyler, P. J., and Knight, J., concurred.