[Crim. No. 3931.   Second Dist., Div. One.   Feb. 13, 1946.]

THE PEOPLE, Respondent, v. IRVING WITHERS,
Appellant.

Abbott C. Bernay for Appellant.

Robert W. Kenny, Attorney General, Frank Richards, Deputy Attorney General, Fred N. Howser, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.

DORAN, J.—Defendant was adjudged guilty by a jury of three counts of grand theft.  A prior conviction of a felony (issuing worthless checks) was admitted.  The appeal is from the judgment.

Six specifications of error are urged which, in substance, include alleged prejudicial cross-examination of the defendant, failure of the trial court to give cautionary instructions relating to circumstantial evidence and the admissions of defendant, insufficient evidence, and an alleged abuse of discretion on the part of the court in ordering the judgments to run consecutively.

The evidence reveals that the defendant had been a prisoner in San Quentin. While there as a prisoner, he became familiar with the duties and work of the Board of Prison Terms and Paroles. Upon his release, he worked for the Volunteers of America. While associated with this organization, he wrote a letter to the witness Roy Crowl, whose son was in San Quentin and whom the defendant knew in San Quentin. In substance, he represented in said letter and in later conversations with this witness that he was in a position to secure the release of Crowl's son. Upon these representations he obtained from Mr. Crowl a total of $1,000 in several different payments. Defendant did not reveal to Mr. Crowl during the negotiations that he had been a prisoner in San Quentin or that he was on parole. Mr. Crowl asked the defendant at one time who was getting the money, to which the defendant replied, ''If you trust me, you know better than to ask any question.'' The letter above referred to was dated April 19, 1944. When the defendant failed to effect the release of Mr. Crowl's son, he gave Mr. Crowl a check dated June 8, 1944, for $1,000, which was worthless.

With regard to appellant's contention that the court abused its discretion by ordering the sentences to run consecutively, it is argued that ''excessive, cruel and inhuman punishment'' was thereby inflicted upon appellant and that the trial judge, at the time of pronouncing sentence, was ''somewhat ruled by his strong personal feelings.'' The trial judge's remarks, which are the basis of this contention, were as follows:

''I feel about this case as I very seldom feel in any case. I don't ordinarily take a personal feeling about any case, but I do in this case. I think Mr. Withers has done—besides stealing money in this case he has done three other mistakes. You have imposed on the natural love and sympathy and credulity of a hard working father, who put out his hard earned money in the hope of getting his son out of prison, and you have ruthlessly, without any compunction, dragged the name

of an old established representative social service organization, the Volunteers of America, into the dirt by your use of your connection, and you have cast a cloud on the prison system of this State by your actions. While you were at San Quentin you had ability enough to ingratiate yourself sufficiently to be put in charge of a religious work in the prison, a place where you had no more right to be in than anybody else. I frankly state I have more respect for a man that goes out and gets money at the point of a gun than I have for you.''

There is no legal requirement that reasons or explanations be given by the trial judge in connection with the pronouncement of sentence. Such reasons, if expressed, do not necessarily affect the validity of the judgment.. How the sentences were to run was a question addressed to the judgment of the trial judge. What constitutes cruel and unusual punishment is largely a matter of opinion, and in the light of the record herein, the punishment administered to the defendant, described by appellant as cruel and unusual, could, on the other hand, be regarded as extremely mild. There was no error in ordering the sentences to run consecutively.

■ With regard to the court's alleged failure to give ''cautionary instructions on circumstantial evidence,'' it is sufficient to note first, that no such instructions were requested by defendant and second, that defendant's guilt was established, in the main, by direct and not circumstantial evidence. The rule imposing the duty to give certain pertinent instructions is not applicable here. And the same situation applies to other alleged errors in connection with the failure to give other instructions about which appellant complains. The jury was fully instructed.

■ On cross-examination the defendant refused to answer certain questions for the reason, as stated by the witness, ''It is my opinion it would tend to incriminate me.'' In the colloquy that followed, defendant's counsel advised the witness, ''You have the right to refuse to answer''; the court directed the witness to answer the question and the defendant replied, ''I am sorry, I will have to stand mute as to the question.'' Appellant complains about the court's ruling and the prosecuting attorney's persistence. There was no error in the conduct of either, nor in the court's rulings. It is well settled that when the defendant testifies, the right to urge the protection afforded by the Constitution is waived as to all inquiries proper on cross-examination. (See *People* v. *Galla-*

*gher,* 100 Cal. 466 [35 P. 80].) In the circumstances here presented, the cross-examination was proper and the record discloses no prejudicial errors. The judgment, therefore is affirmed.

York, P. J., White, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 14, 1946.