355 P.2d 674

STATE of Idaho, Plaintiff-Appellant,

v.

James N. THOMAS, Defendant-Respondent.

No. 8864.

Supreme Court of Idaho.

Sept. 30, 1960.

J. W. Crowther, Pros. Atty., Malad, Frank L. Benson, Atty. Gen., Thos. Y. Gwilliam, Asst. Atty. Gen., for appellant.

Ralph H. Jones, Jr., L. Lamont Jones, Pocatello, for respondent.

McQUADE, Justice.

The defendant, James N. Thomas, was charged with committing the crime of perjury in connection with an application for a marriage license. The charging part of the information reads as follows:

"That the said James N. Thomas about the 18th day of June, 1959, in the County of Oneida in the State of Ida-

ho, then and there being, did then and there, commit the crime of perjury in that the said James N. Thomas did wilfully, corruptly and falsely swear to a material fact as to his competency to apply for a marriage license, in that he did swear under oath that he had never before been married; whereas in fact the said James N. Thomas had been previously married to one Anna Lou Davison on the 3rd day of June, 1956, at Helper in the County of Carbon, State of Utah * * *."

When the case was brought to trial, and before any witness had been heard, the State sought to introduce in evidence a certified copy of a marriage license from Carbon County, Utah. The defendant moved to suppress this and other evidence on the ground the information failed to state a public offense. The court granted the motion, dismissed the case, and ordered the defendant discharged.

The State of Idaho appeals, as authorized by I.C. secs. 19–2808 and 19–2804(5), asserting the trial court erred in two particulars:

1. In ruling the statements of the defendant alleged in the information were not of a material nature which would give rise to a charge of perjury;

2. "In ruling that the information did not allege a crime against the laws of the State of Idaho."

The trial judge, in disposing of the defendant's motion, was careful to state he was ruling on the adequacy of the information as a whole, and not specifically on the question of materiality of the statements imputed to the defendant.

■ Although the defense raised the question of sufficiency of the information by way of a motion to suppress evidence, this motion was in effect a general demurrer, and it was so treated by the trial court.

■ Idaho Code sec. 19–1426 sets forth the requisites of an indictment for perjury:

"In an indictment for perjury, * * * it is sufficient to set forth the substance of the controversy or matter in respect to which the offense was committed, and in what court and before whom the oath alleged to be false was taken, and that the court, or the person before whom it was taken, had authority to administer it, with proper allegations of the falsity of the matter on which the perjury is assigned; but the indictment need not set forth the pleadings, record, or proceedings with which the oath is connected, nor the commission or authority of the court or person before whom the perjury was committed."

This statute is of course equally applicable to an information filed by the prosecuting attorney. I.C. Title 19, chapter 13.

Idaho Code sec. 32–403 provides before the county recorder shall issue a marriage license he must either have personal knowledge of the competency of the parties, or

"* * * take the affidavit in writing of the person or persons applying for such license, and of other persons as he may see proper, and of any persons whose testimony may be offered; and if it appears from the affidavit so taken that the parties for whose marriage the license in question is demanded are legally competent to marry, the recorder shall issue such license * * *."

I.C. sec. 32–404 provides:

"The county recorder shall have power to administer all oaths required or provided for in this chapter, and if any person in any such affidavit shall wilfully and corruptly swear falsely to any material fact as to the competency of any person for whose marriage the license in question refers, or concerning the procuring or issuing of which such affidavit may be made, shall be guilty of perjury, and, upon conviction thereof, shall be punished as provided by statute in other cases of perjury."

We must look to the information as a whole to determine whether it is defective.

Idaho Code sec. 19–1426, supra, requires four elements in an information for perjury: a statement of the substance of the matter in respect to which the offense is alleged to have been committed; designation of the person before whom the oath was taken; an allegation the official had authority to administer the oath; and an allegation of the falsity of the matter on which perjury is assigned

The information herein is insufficient to meet the requirements of either of the foregoing statutory definitions of perjury. Measured by I.C. sec. 19–1426, it fails to name the officer before whom the oath was taken, and it does not allege the authority of the officer to administer the oath. Measured by I.C. sec. 32–404, it fails to allege that the false statement was made in a written affidavit sworn to before the county auditor. The information was fatally defective, and was properly dismissed by the trial court.

The defendant has applied to this Court for allowance of attorney fees on this appeal. I.C. sec. 19–1513 provides for payment of funds for defense of indigents in criminal cases. The request must be presented to the district court in the first instance.

The judgment is affirmed.

TAYLOR, C. J., and SMITH, KNUDSON, and McFADDEN, JJ., concur.