372 P.2d 748

STATE of Idaho, Plaintiff-Respondent,

v.

George Wesley STORMS, alias George
Wesley Hopper, Defendant-
Appellant.

No. 9038.

Supreme Court of Idaho.

June 22, 1962.

Martin V. Huff, Moscow, for appellant.

Frank L. Benson, Atty. Gen., William Swope, Asst. Atty. Gen., Boise, Ralph Haley, Pros. Attorney, of Clearwater County, Orofino, for respondent.

KNUDSON, Justice.

Appellant was represented at his trial and on perfection of his appeal, by attorneys other than his present counsel of record on this appeal.

Appellant was charged with the crime of robbery committed about December 1, 1959, within Clearwater County. Following a jury trial he was convicted and this appeal is from the judgment of conviction.

During the trial appellant took the witness stand in his own defense, and inter alia, testified that on the night during which the robbery occurred, he remained at his home in Portland, Oregon; also admitted that he had previously been convicted of a felony. After appellant had rested his case, the State upon rebuttal was permitted, over objection of appellant, to introduce evidence that the general reputation of appellant for truth, honesty and integrity in his community was bad. Appellant contends that since he had not placed his reputation in issue the court erred in overruling appellant's objection. Appellant's said contention has been clearly answered in State v. Owen, 73 Idaho 394, 253 P.2d 203, wherein this Court stated in substance that when an accused in a criminal action voluntarily takes the witness stand, he subjects himself to cross-examination and impeachment under the same rules and conditions as any other witness.

Among the statutes which are pertinent to the question raised is I.C. § 9–1209 providing:

"A witness may be impeached by the party against whom he was called, by contradictory evidence, or by evidence that his general reputation for truth, honesty or integrity is bad, but not by evidence of particular wrongful acts, except that it may be shown by the examination of the witness, or the record of the judgment, that he had been convicted of a felony."

I.C. § 19–2110 expressly provides that the rules of evidence in civil actions are applicable also to criminal actions, and I.C. § 19–3001 provides:

"The rules for determining the competency of witnesses in civil actions are applicable also to criminal actions and proceedings, except as otherwise provided in this code."

I.C. § 9–201 in designating who may be a witness specifies that neither parties or other persons who have an interest in the event of an action, nor those who have been convicted of a crime are excluded:

"Although in every case the credibility of the witness may be drawn in question, by the manner in which he testifies, by the character of his testimony, or by evidence affecting his character for truth, honesty or integrity, or his motives, or by contradictory evidence; and the jury are the exclusive judges of his credibility."

In State v. Kleier, 69 Idaho 491, 210 P.2d 388 this Court had the foregoing statutes under consideration and held that the legislature intended that a witness might be impeached in a criminal action as in a civil action. A defendant in a criminal action, as a party to the action, need not testify at all and if he deems it prudent to remain silent no presumption is to be indulged against him. However, when he voluntarily assumes the character of a witness he exposes himself to the legitimate attacks which may be made upon any witness. State v. Friedlander, 141 Wash. 1, 250 P. 453; State v. Imm, 112 Kan. 56, 209 P. 982; People v. Clark, 61 Cal.App. 46, 214 P. 248. The case of State v. Branch, 66 Idaho 528, 164 P. 182, insofar as it supports appellant's contention, was overruled by State v. Owens, supra, to which decision we continue to adhere.

Appellant complains that the court improperly limited the cross-examination of two of State's witnesses. Appellant cites several instances wherein the trial court sustained objections interposed by the State's attorney during the cross-examination of State's witness, Delmar C. Sanders, a detective on the Portland police department. We think there is reason for complaint as concerns the ruling of the court in one of the instances cited. Said witness had testified, over objection by appellant, that the general reputation of appel-

**376**

lant in his community for truth, honesty and integrity is not good. During cross-examination said witness was asked "All right. Now, under oath, will you state the name, place and circumstance of the person who told you that the reputation of George Storms was bad?". The State's attorney thereupon interposed the objection that "evidence of specific such statements are inadmissible", and the court sustained the objection.

■ Ordinarily wide latitude should be allowed in cross-examination and in criminal actions defendant should be allowed considerable latitude in the cross-examination of important witnesses in order to show bias or to test the credibility of such witnesses. State v. Spencer, 74 Idaho 173, 258 P.2d 1147; 58 Am.Jur. 396, § 732. The general rule applicable to the cross-examination of an impeaching witness is stated in 58 Am.Jur. 396, as follows:

"An impeaching witness may be cross-examined fully as to the extent and source of his knowledge respecting the general reputation of another witness. Great latitude is to be allowed in the cross-examination as to this point. The cross-examination of the witness may extend to his opportunity for knowing the character of the other witness, the length of time, the

generality with which the unfavorable reports have prevailed, and the persons from whom he has heard them."

See also 70 C.J. 912, § 1114; 98 C.J.S. Witnesses § 524c.

■ The ruling was in error. However appellant does not by his argument or analysis indicate that he was materially prejudiced and we do not find such abuse of the discretionary authority of the trial court as to require a reversal.

■ Error is also assigned to the action of the court in sustaining the objection to a question propounded to State's witness, Georgia O'Brien, as to where she was then living. In response to the question "Where are you living?" the witness replied "I am living in Washington". The succeeding question was "Where at in Washington?", to which an objection was interposed by the State and promptly overruled by the court. Thereafter when requested to answer the question the witness replied "I was threatened and I prefer not to say where I am living". Personal counsel for the witness thereupon requested on behalf of the witness that since the witness is in fear of some sort of retribution she be given the privilege of not disclosing her present residence. State's counsel promptly made a similar request and made objec-

tion that the question was irrelevant, immaterial and of no value in the case. The court sustained the objection.

In the case of United States v. Rich, 262 F.2d 415, the court had under consideration the action of the trial court in excusing a government witness from giving the address at which he resided, the witness *stating that he did not wish to give his* address because of fear of intimidation. In discussing the question the court stated:

> "Under ordinary circumstances counsel for defendants should be given the broadest scope in their cross-examination not only to develop facts but leads from which other facts might be obtained. However this is not an absolute right. Where danger to the witness may be involved or where the cross-examination is obviously outside the scope of any reasonable relationship to the case the trial judge in his discretion is privileged to keep the cross-examination within proper bounds.

> \*     \*     \*     \*     \*     \*

> "Whether such an objection should be sustained or overruled depends almost entirely upon the facts of each case and the circumstances under which the question arises.

> \*     \*     \*     \*     \*     \*

> " 'The judge was not bound to allow what on its face had no bearing on the witness's credibility; \* \* \*'. Furthermore, 'The extent of cross-examination \* \* \* is within the sound discretion of the trial court'."

In the instant case no statement or explanation was made by cross-examining counsel as to the purpose of the inquiry or how the question was relevant. The question on its face had no bearing on the witness's credibility and since no explanation of the materiality of the witness's address was made the trial court was, under the circumstances, justified in concluding that the question was not inevitably and patently material. The record discloses that the jury had ample information with which to judge the credibility of the witness and we conclude that under all of the circumstances there was no error in sustaining the objection to that question.

Appellant cites a number of incidents indulged in and statements made by the prosecuting attorney and the assistant attorney general during the trial which appellant claims constitute prejudicial error.

A number of the incidents referred to and argued by appellant involve the identification of a police photograph of appellant together with references to and interrogatories about such picture. The photo was identified as State's Exhibit #6, but was never admitted in evidence. Appellant contends that the prosecutor well knew

that the exhibit was inadmissible, but repeatedly referred to it and so handled it that the jury could see the picture and thereby endeavored to prejudice the jury against appellant.

■Appellant in his brief does not point out distinctly in what respect it is contended that appellant was "in all likelihood" prejudiced by the proceedings in regard to the photograph. A great deal of the discussion concerning the photo took place prior to the time appellant had taken the witness stand and since it was a police photo appellant argues that the jury likely presumed that it was evidence of a previous arrest and tended to impeach appellant before he had undertaken to testify. Notwithstanding the fact that some of the inquiry regarding and handling of the exhibit may have been somewhat improper, it should be pointed out that the possibility of appellant's substantial rights having been affected thereby were materially lessened when appellant took the witness stand and admitted that he had been convicted of a felony.

■ It is clearly the duty of the prosecutor and his assistants to see that the accused has a fair and impartial trial. Counsel for the people in a criminal case must constantly keep in mind that the people he represents are only concerned with the truth and the facts established by competent admissible evidence.

We have examined each of the other incidents which have been called to our attention as constituting misconduct on the part of the prosecuting officers, but after careful study of the record we do not think appellant's substantial rights have been affected thereby.

■ Appellant's brief contains some discussion concerning matters urged in support of his motion for a new trial. However, since the appeal is only from the judgment of conviction, any question involving the motion for a new trial is not before us. The judgment is affirmed.

SMITH, C. J., and TAYLOR and McFADDEN, JJ., and CRAMER, D. J., concur.