434 P.2d 88

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Joseph K. DUNN, Defendant-Appellant.**

**No. 10003.**

Supreme Court of Idaho.

Nov. 21, 1967.

L. H. Merrill, Idaho Falls, for defendant-appellant.

Allan G. Shepard, Atty. Gen., and Roger B. Wright, Deputy Atty. Gen., Boise, for plaintiff-respondent.

McFADDEN, Justice.

Appellant Joseph K. Dunn was convicted of the crime of arson and was sentenced as a persistent violator to serve a term of twenty-one years in the penitentiary, from which judgment and sentence this appeal was perfected.

Appellant was initially charged by a complaint filed in the Justice Court of Bonneville County with the commission of the crime of arson in the first degree alleged to have been committed on June 1, 1966, in Idaho Falls. A preliminary examination was held following which appellant was bound over to the District Court on the charge set out in the complaint. No mention was made in the complaint that appellant was a persistent violator as defined by I.C. § 19–2514.

The information filed in District Court consisted of two portions, the first (designated as the first page) charging the commission of the crime of arson in the first degree, and the second portion (designated as the second page) re-alleging the charge of arson and also alleging that appellant had previously been convicted of two felonies which were particularly described.

On trial in the district court, following the empanelling of the jury, the first page of the information charging appellant with the crime of first degree arson was read to the jury and they were advised that defendant plead not guilty. Trial was had before the jury on this charge, following which the court instructed the jury and the cause was submitted to them. The jury returned a verdict finding the appellant guilty of the charge of first degree arson, following which the second page of the information, alleging that appellant was a persistent violator, was read to the jury. Immediately appellant moved that the count be dismissed on the grounds that appellant had never been accorded a preliminary hearing, which motion the court denied. The cause proceeded, with the state submitting evidence of two prior convictions of felonies by appellant; appellant submitted no evidence. The court again in-

structed the jury, which returned a verdict finding appellant to be a persistent violator.

Appellant filed a motion in arrest of judgment, contending (1) that the information charged two crimes, i. e., first degree arson and being a persistent violator, and hence was fatally defective; (2) (a) that the verdict of guilty of being a persistent violator of law is not in accordance with the law or evidence, inasmuch as he never had been accorded a preliminary examination, and (b) that the persistent violator statute is unconstitutional as being in violation of Idaho Const. Art. 1, Sec. 16, which prohibits ex post facto laws; (3) that the verdict is contrary to the law and evidence. This motion was denied by the trial court and judgment of conviction and sentence was entered.

The issues presented by appellant's assignment of error directed to the trial court's denial of his motion in arrest of judgment will be considered first and will be discussed in the order presented by the motion.

The first ground that the information charges two crimes, i. e., of arson and of being a persistent violator, is answered by the decision of this court in State v. Johnson, 86 Idaho 51, 383 P.2d 326 (1963), wherein it is stated:

"The persistent violator law [I.C. § 19–2514] does not create or define a new or independent crime. Rather, it renders a person convicted liable to punishment in excess of that which might have been inflicted upon him had he not been twice previously convicted. (citing cases). Accordingly, the information charged appellant only with the crime of forgery." 86 Idaho at 57, 383 P.2d at 329.

The information was prepared and proceedings were conducted in accordance with the dictates of State v. Johnson, supra. Only one crime was charged by the information, i. e., that of first degree arson, with the punishment dependent upon whether or not the state proved appellant to be a persistent violator.

The next ground of appellant's motion in arrest of judgment was that he was not afforded a preliminary examination on the allegations of the information claiming he was a persistent violator, but only on the arson charge. Extensive research has disclosed the following cases directly in point on this persistent violator question, viz: Carter v. State, 292 P.2d 435 (Crim.App. Okl.1956); Murphy v. State, 50 Ariz. 481, 73 P.2d 110 (1937); Rains v. State, 142 Neb. 284, 5 N.W.2d 887 (1942).

Carter v. State held that a preliminary examination on the allegations that the accused is a habitual criminal, as well as the allegations charging commission of the crime, are both essential on the theory that the prior offenses enter into the immediate charge forming the basis of the prosecution. The court pointed out that the committing magistrate should also be advised of previous charges in order to intelligently fix the amount of bail. …

However, Murphy v. State, supra, approached the problem from the viewpoint that the only offense charged is commission of the crime alleged, the recidivist charge being involved only insofar as the punishment is involved, and held that the preliminary examination need not mention the previous convictions forming the basis of the recidivist charge.

Rains v. State, supra, also held that when a preliminary examination determines a felony has been committed and that there is sufficient cause to believe the defendant guilty thereof (I.C. § 19–815), all requirements of law with respect to preliminary examinations were met and that the trial court could properly allow an amendment to the information alleging that the defendant was a habitual criminal.

Idaho Const. Art. 1 § 8, provides: "No person shall be held to answer for any *felony or criminal offense* * * *, unless * * * on information of the public prosecutor, after a commitment by a magistrate, * * *." (Emphasis added.) I.C. § 19–1308 provides: "No information shall be filed against any person for *any offense*

until such person shall have had a preliminary examination therefor, * * *." (Emphasis added.) The statutory provisions regarding preliminary examinations provide: "If, after hearing the proofs it appears either that *no public offense* has been committed or that there is not sufficient cause to believe the defendant guilty of a public offense, the magistrate must order the defendant to be discharged, * * *." (I.C. § 19–814); and "If, however, it appears from the examination *that a public offense* has been committed, and there is sufficient cause to believe the defendant guilty thereof, the magistrate must indorse on the depositions an order, * * *." (I.C. § 19–815) (Emphasis added.) The constitutional and statutory provisions require a preliminary examination as to proof of commission of criminal offenses. The habitual criminal statute, I.C. § 19–2514, does not deal with commission of criminal offenses as such, but deals only with the status of an accused after he has been found guilty of the offense for which he is tried. State v. Zeimer, 10 Utah 2d 45, 347 P.2d 1111, 79 A.L.R.2d 821 (1960). State v. Johnson, 86 Idaho 51, 383 P.2d 326 (1963) points out that the persistent violator law does not create or define a new or independent crime, "Rather, it renders a person convicted liable to punishment in excess of that which might have been inflicted upon him had he not been twice previously convicted."

■ The issues to be resolved at the time of a preliminary examination deal solely with the question of whether an "offense" has been committed and if "there is sufficient cause to believe the defendant guilty thereof," and not with the issue of whether an accused should be subjected to additional punishment because he may be a persistent violator. There was no error committed by the trial court in this regard.

■ Appellant's next ground for his motion in arrest of judgment that the persistent violator statute is in violation of Idaho Const. Art. 1, Sec. 16, which prohibits ex post facto laws, is supported by no citation of authority. Furthermore, it has been repeatedly held by this and other courts that a persistent violator law is not ex post facto because it merely increases the penalty for the commission of a subsequent crime. In re Bates, 63 Idaho 748, 125 P.2d 1017 (1942); Thompson v. State, 195 Kan. 318, 403 P.2d 1009 (1965); People v. Dunlop, 102 Cal.App.2d 314, 227 P.2d 281 (1951); State v. Smith, 128 Or. 515, 273 P. 323 (1929); 25 Am.Jur., Habitual Criminals, § 5, p. 263; Annot.: 58 A.L.R. 20 at 21.

■ The final ground for appellant's motion in arrest of judgment was that the verdict is contrary to the law and evidence. The record discloses a marked conflict in the evidence; the state's evidence established that the appellant was observed purchasing a container of milk at about the time the fire was set, shortly thereafter appearing at a service station with a milk container and purchasing gasoline and having it placed in a milk container; that appellant was observed approaching the house where the fire was set carrying a container, stopping at the front door, and then going around to the rear door where light was seen shortly thereafter. The state's evidence further showed that appellant was observed throwing a match at the front door of the house after he came from behind the house and that a fire immediately started at the front door; that there was a fire burning at both the front and rear doors of the house. On the other hand, appellant denied setting the fire and claimed that he was not at the scene of the fire at the time it happened, but was in the company of other persons, who testified in support of his claim, during this period of time. Although a conflict in the evidence is recognized, it is our conclusion that there is sufficient credible evidence to sustain the verdict in this case, and in such situation the verdict will not be set aside. State v. Ramsbottom, 89 Idaho 1, 402 P.2d 384 (1965); State v. Bedwell, 77 Idaho 57, 286 P.2d 641 (1955); State v. Weise, 75 Idaho 404, 273 P.2d 97 (1954); State v. Eikelberger, 72 Idaho 245, 239 P.2d 1069, 29 A.L.R.2d 1176

(1952). Thus, there was no error in the trial court's denial of appellant's motion in arrest of judgment.

■ Appellant assigns as error the action of the trial court in permitting various witnesses to point out the accused in open court. It is appellant's contention that in a criminal case, trial courts cannot permit a witness to point out a defendant in open court, but that a witness can only verbally identify the accused by telling the jury what he looks like, his size, weight and complexion. The trial court committed no error in this regard. State v. Taylor, 76 Idaho 358, 283 P.2d 582 (1955); State v. Newman, 70 Idaho 184, 214 P.2d 159 (1950); State v. Boyatt, 59 Idaho 771, 87 P.2d 992 (1939). See: People v. Garcia, 174 Cal.App.2d 525, 344 P.2d 855 (1959); People v. Dyer, 30 Cal.App.2d 590, 86 P.2d 852 (1939). See also: United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178; Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.

The appellant took the stand on his own behalf. Following his examination in chief, on cross-examination he was asked:

"Q (by the prosecuting attorney) Joe, have you ever been convicted of a felony previously?

[APPELLANT'S COUNSEL]: Just a moment. You need not answer that question. You can refuse to answer on the grounds that it will incriminate you. Base your refusal on the Fifth Amendment of the Constitution of the United States.

A I refuse to answer on those grounds.

THE COURT: You will answer.

A Yes, I have."

Following this testimony the cross-examination continued, and over objections on the same ground of incrimination, which objections were overruled, there was elicited from the defendant a series of ten named felony convictions dating from 1933 to 1963.

■ When an accused takes the stand to testify in his own behalf, he is subject to impeachment the same as any other witness. State v. Owen, 73 Idaho 394, 253 P.2d 203 (1953); State v. Storms, 84 Idaho 372, 372 P.2d 748 (1962). I.C.R. § 9–1209, I.C. § 9–1302 and I.C. § 19–2110. As a witness such accused "may be impeached by the party against whom he was called, by contradictory evidence, or by evidence that his general reputation for truth, honesty or integrity is bad, but not by evidence of particular wrongful acts, except that it may be shown *by the examination of the witness, or the record of the judgment,* that he had been convicted of a felony." (Emphasis added.) I.C.R. § 9–1209. As a witness the accused "must answer as to the fact of his previous conviction". I.C. § 9–1302. This was proper cross-examination. The appellant by taking the witness stand waived his constitutional right to remain silent, as to all proper questions put to him on cross-examination. People v. Butler, 65 Cal.2d 569, 55 Cal.Rptr. 511, 421 P.2d 703 (1967); State v. Taylor, 99 Ariz. 85, 407 P.2d 59 (1965); People v. Richardson, 74 Cal.App.2d 528, 169 P.2d 44 (1946); People v. Withers, 73 Cal.App.2d 58, 165 P.2d 945 (1946); See also: State v. Larkins, 5 Idaho 200, 47 P. 945 (1897); State v. Gruber, 19 Idaho 692, 115 P. 1 (1911); State v. Martinez, 43 Idaho 180, 250 P. 239 (1926). There was no error in the overruling of appellant's objection.

When the trial court required the appellant to answer the question propounded, it was following established procedures. I.C. § 9–1302; I.C. § 19–108; State v. Martinez, supra; State v. Mundell, 66 Idaho 297, 158 P.2d 818 (1945); 98 C.J.S. Witnesses § 456, p. 309.

"Where the defendant voluntarily takes the witness stand in his own behalf, he waives his constitutional privilege of not answering proper questions that may tend to convict him of the crime for which he is on trial, he subjects himself to the same rules that govern other witnesses, and he subjects himself to cross-examination and

impeachment to the same extent as any other witness in the same situation, * * *." 21 Am.Jur.2d, Criminal Law, §§ 358, 385.

■ Mrs. Ransom, one of appellant's witnesses, testified on direct examination that appellant was employed by her; that she had received two phone calls the evening of the fire, one about 9:12 p.m. and another at 9:50 p.m. On re-cross examination the following took place:

"Q You do know that Joe [appellant] does drink to excess from time to time, don't you?

[APPELLANT'S COUNSEL]: Objected to as immaterial.

THE COURT: She may answer.

A Yes, I know that Joe drinks.

Q And you feel that he was quite drunk this night?

A I am sure he was quite drunk because I could tell by talking to him [by telephone] that he was quite drunk."

Error is assigned to the overruling of appellant's objection to this line of testimony. Appellant had previously testified that on the evening in question he had been drinking quite a bit and admitted that he was under the influence of alcohol and in no condition to drive an automobile. The testimony adduced from Mrs. Ransom thus was material, especially when Mrs. Ransom on re-direct examination had testified as to appellant's character.

■ Appellant claims the court erred in proceeding with the issues presented by the second page of the information pertaining to his being a persistent violator subsequent to having ordered appellant to testify on cross-examination concerning his prior convictions. State v. Johnson, 86 Idaho 51, 383 P.2d 326 (1963), established the procedures to be followed in persistent violator cases. The trial must be divided into two parts, the first to resolve the issue on the criminal charge. If the accused is found guilty on this criminal charge, then the issue as to the persistent violation

claim is to be tried. However, when the accused has taken the stand to testify in his own behalf, this does not prohibit introduction of other convictions dealing with the issue of the accused's credibility. See: State v. Holman, 88 Ariz. 280, 356 P.2d 27 (1960); State v. Seymour, 101 Ariz. 498, 421 P.2d 517 (1966). Following trial on the primary felony charge, the state still had the burden of proving beyond a reasonable doubt that the accused was a persistent violator as charged in the second part of the information. See: State v. Lovejoy, 60 Idaho 632, 95 P.2d 132 (1939), and cases cited therein: State v. Johnson, supra.

■ Appellant asserts that the trial court erred in sentencing him to twenty-one years. I.C. § 18–801 provides that setting fire to any dwelling house constitutes arson in the first degree and provides that upon conviction a person so found guilty may be incarcerated for a term not more than twenty years. I.C. § 19–2514 provides that a person found guilty of being a persistent violator "shall be sentenced to imprisonment in the state penitentiary for not less than five years and said imprisonment may extend to life." The sentence imposed was within the statutory limit and was within the discretion of the trial court. State v. Weise, 75 Idaho 404, 273 P.2d 97 (1954). Pronouncement of sentence to be imposed is within the discretion of the trial court and will not be disturbed by this court in absence of abuse of discretion. A sentence fixed within the limits prescribed by the statute will not ordinarily be considered abuse of discretion by the trial court. State v. Gish, 89 Idaho 334, 404 P.2d 595 (1965); King v. State, 91 Idaho 97, 416 P.2d 44 (1966). Appellant also asserts that two sentences were imposed upon appellant, one of eleven years for first degree arson and one of ten years because appellant was found to be a persistent violator, and that the two sentences should run concurrently. The record fails to sustain this contention. The trial court, at the time of sentencing appellant, first

advised appellant he was found guilty of the felony charged and of being a persistent violator, all in accordance with the verdicts of the jury, and then stated:

"Now it is the judgment of the Court that you are guilty of both these matters and that you be sentenced to serve not less than 21 years in the penitentiary at Boise, Idaho, and the term of your imprisonment to commence on your arrival at that institution. This can be divided this way—I want it divided this way—ten years is added to eleven; eleven years for the arson and ten years for the addition on account of the persistent violator."

Appellant's trial counsel then inquired of the court:

"If this would be divided by eleven years and ten years, may we ask this, and these two sentences, if there are two—

THE COURT: There is one sentence.

[COUNSEL]: I was going to say, could they be considered to be served concurrently?

THE COURT: No, sir. It is one sentence of 21 years and this is how it is arrived at."

The trial court did not err in imposing the sentence as it did.

■■■■ Following sentencing, appellant personally advised the court he was going to appeal. He asserts that the trial court erred in refusing to admit him to bail upon orally notifying the court he was appealing. There was no error committed by the court, in not fixing bail at that time. I.C. § 19–2905 provides that:

"After conviction of an offense not punishable with death, *a defendant who has appealed* may be admitted to bail:

1. * * *.

2. As a matter of discretion in all other cases." (Emphasis added.)

I.C. § 19–2806 states: "An appeal is taken *by filing with the clerk of the court in* which the judgment or order appealed from is entered or filed, a notice stating the appeal from the same, * * *." (Emphasis added.) An oral notice of appeal does not comply with the statutory provisions concerning notice of appeal. Also, where a defendant who has been sentenced to imprisonment appeals and applies to the trial court for admission to bail, such application is addressed to the sound legal discretion of such judge, and unless it appears such discretion has been abused, action of the trial court will not be disturbed on appeal. In re Schriber, 19 Idaho 531, 114 P. 29, 37 L.R.A.,N.S., 693 (1911).

■■■■ Subsequent to appellant's filing written notice of appeal, he again applied for bail, and the trial court set the bail at $10,000 if posted by a surety company and at $25,000 if posted by two property sureties. Appellant claims that this bail was excessive when considering that defendant was an indigent. In the case of In re Schriber, supra, this court relying upon the provisions of what is now I.C. § 19–2905 held that after conviction where the punishment imposed involves a jail sentence the granting or denial of bail is discretionary with the trial court. Under such circumstances as presented by this case, there appears to be no abuse of discretion in fixing the bail and this court will not interfere. In re Bolitho, 51 Idaho 302, 6 P.2d 855 (1931); State v. Iverson, 76 Idaho 117, 278 P.2d 205 (1954).

■■■■ Appellant contends the court erred in failing to give a specific instruction to the jury concerning the relevancy of the testimony of two boys who testified. No request was made for such an instruction by appellant, and the trial court gave a general instruction to the effect that the jury was the sole judge of the credibility of the witnesses and that the jury should weigh all factors in assessing a witness's testimony. The witnesses' ages were thirteen and sixteen and their testimony was that they identified the appellant as the man who set the fire. These boys were competent witnesses within the provisions

of I.C. §§ 9–201 and 9–202. No error appears in this regard. State v. Kleier, 69 Idaho 491, 210 P.2d 388 (1949); State v. Freeman, 85 Idaho 339, 379 P.2d 632 (1963).

All of appellant's assignments of error have been reviewed and considered. It is the conclusion of the court that no reversible error has been called to the attention of the court and the judgment is affirmed.

 After the appeal was perfected, motion was made in this court for allowance of attorney's fees for appellant's counsel who had been appointed to represent appellant. Such application had not been previously made to the trial court, and until such time as application is first made in the trial court, this court should not consider such application. State v. Thomas, 82 Idaho 473, 355 P.2d 674 (1960). See also: S.L.1967, Ch. 181, I.C. § 19–852. Motion for allowance by this court of attorney's fees on appeal is denied.

TAYLOR, C. J., and SMITH, McQUADE and SPEAR, JJ., concur.

SPEAR, Justice (concurring specially).

I concur in the result reached in the majority opinion, because the interpretation of I.C.R. § 9–1209 and I.C. § 9–1302 and I.C. § 19–2110, by this court in State v. Owen, 73 Idaho 394, 253 P.2d 203 (1953), and State v. Storms, 84 Idaho 372, 372 P.2d 748 (1962), as Justice McFadden has correctly stated in the majority opinion permits the prosecution to introduce either by cross-examination of an accused who has taken the stand in his own behalf or by introduction of the record of a judgment, the name and nature of each and every felony of which the accused has been previously convicted. This is done, under the principle set forth in *Owen* and *Storms* that this is a proper method of impeaching the testimony of the accused. In the cause at hand the State was permitted to inquire into the nature of no less than ten felonies for which the accused had been previously convicted.

It is obvious to me that such evidence was introduced not for the purported reason, *i.e.*, impeachment, but, rather for the purpose of prejudicing the jury against the accused and depriving him of a fair and impartial trial on the merits of the *one* charge for which he was being tried.

I am fully cognizant of the fact that State v. Owen, supra, correctly states the majority rule in the United States, but I am firmly convinced it is erroneous. The better rule, and the reasoning upon which it is based, is ably set forth in the dissenting opinion of Justice Keeton in State v. Owen, 73 Idaho, beginning at page 425, 253 P.2d 203, and the majority opinion in State v. Coloff, 125 Mont. 31, 253 P.2d 343 (1951), particularly the specially concurring opinion of Chief Justice Adair, beginning at page 346. Under this rule when an accused has taken the stand as a witness in his own behalf and is asked the general question, "Have you ever been previously convicted of a felony?" and the accused answers in the *affirmative*, the prosecution is prohibited from interrogating any further concerning the number or nature of such previous felony or felonies. The accused has been labeled indelibly in the minds of the jurors as a felon, and thus his testimony has been impeached.

On the other hand, should the defendant deny he has ever previously been convicted of a felony then, of course, the prosecution is entitled to elicit either by cross-examination, or the record of the judgment, any and all felony convictions in the record of the accused.

The record in this cause discloses that the only objection to the additional cross-examination after the general question had been answered in the affirmative, was on the grounds of self-incrimination. However, counsel can hardly be held responsible for failing to raise the proper objection in the face of State v. Owen, supra.

Perhaps a more enlightened rule is the one adopted for the District of Columbia by the United States Court of Appeals for that circuit. The relevant part of D.C. Code, § 14–305 (1967), provides:

"A person is not incompetent to testify, in either civil or criminal proceedings, by reason of his having been convicted of crime. The fact of conviction *may be given* in evidence to affect his credibility as a witness, either upon the cross-examination of the witness or by evidence aliunde; and the party cross-examining him is not bound by his answers as to such matters." (emphasis supplied)

The key words in this portion of the code are "may be given."

It will be noted that our impeachment statute, I.C.R. § 9–1209 provides:

"A witness *may* be impeached by the party against whom he was called * * *" (emphasis supplied)

by showing that he had been convicted of a felony.

In recent cases construing the above quoted D.C.Code, the United States Court of Appeals has left to the discretion of the trial judge whether any, some, or all the prior convictions of an accused are admissible for the purpose of testing his credibility. Under these decisions the defendant who has a criminal record may ask the court to weigh the probative value of the convictions as to credibility against the degree of prejudice which the revelation of his past crimes would cause; and he may ask the court to consider whether it is more important for the jury to hear his story than to know about prior convictions in relation to his credibility. See Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965); Brown v. United States, 370 F.2d 242 (D.C. Cir.1966); Stevens v. United States, 370 F.2d 485 (D.C.Cir.1966); Gordon v. United States, 383 F.2d 936 (D.C.Cir. Sept. 18, 1967.)

The reasoning behind all these decisions is especially well set forth in Stevens v. United States, supra, as follows:

"A serious question of fundamental unfairness arises when an evidentiary rule may deter a defendant from testifying in his own behalf or if he does testify subjects him to evidence highly prejudicial on the issue of guilt though inadmissible for that purpose.[1] The pres-

"[1]. I do not refer to those special circumstances in which evidence of like offenses is admissible during the prosecution's cases in chief to show a course of conduct." (370 F.2d at 486)

ent rule permits this on the theory that it helps the jury determine whether or not to believe the defendant. Yet, to test the rule by this case, how does the bare fact that appellant was found guilty of larceny in 1935, when he was in his early twenties, affect his credibility in testifying at his 1965 trial? And if we assume the 1935 conviction to be relevant to his 1965 credibility, does not the effect of that conviction, together with his record of seven other convictions, carry over to the issue of guilt at the 1965 trial, an issue as to which his prior convictions were inadmissible? I think it does. A jury cannot be expected to departmentalize such evidence.

"Perhaps the evidence of a prior criminal record should be limited to a conviction which bears clearly on credibility— perjury, for example. * * *"

There is substantial merit to the rule being applied in the District of Columbia; as, if and when this question is properly raised on appeal sometime in the future, it deserves careful consideration by this court.

McQUADE, J., concurs in this concurring opinion.