Filed 5/29/24  P. v. Indalecio CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>THOMAS INDALECIO,<br><br>    Defendant and Appellant. | F085528<br><br>(Super. Ct. No. MCR072150)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Madera County.  Ernest J. LiCalsi, Judge.

Benjamin Owens, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Amanda D. Cary, and Hannah Janigian Chavez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

A jury found defendant Thomas Indalecio guilty of oral copulation of a child 10 years of age or younger, sexual penetration of a child 10 years of age or younger, a forcible lewd act upon a child under the age of 14, continuous sexual abuse upon a child under the age of 14, failure to update sex offender registration annually, and failure to register as a sex offender after an address change. Defendant was sentenced to 10 years, 8 months, plus 45 years to life.

Defendant raises two issues on appeal. First, defendant claims that the trial court erred in relying on Penal Code section 667.6, subdivision (d)(1)[1] to impose mandatory consecutive sentences on counts 1 through 3, requiring remand for the court to exercise informed discretion and consider imposing concurrent sentences. The People disagree that remand is required. Although the People concede that the court erroneously relied on section 667.6, subdivision (d)(1), the People argue that the court was aware of, and properly exercised its discretion when it sentenced defendant to consecutive terms. Second, defendant argues that the court erred in imposing penalty assessments on defendant's section 294 restitution fine since it is not subject to penalty assessments. The People agree.

We vacate defendant's sentence and remand for resentencing in accordance with this opinion. In all other respects, we affirm.

## PROCEDURAL BACKGROUND

On June 1, 2022, the District Attorney of Madera County filed an amended information charging defendant with three counts of oral copulation or sexual penetration of a child 10 years of age or younger (§ 288.7, subd. (b); counts 1–3), a forcible lewd act upon a child under the age of 14 (§ 288, subd. (b)(1); count 4), continuous sexual abuse upon a child under the age of 14 (§ 288.5, subd. (a); count 5), failure to update sex

---

[1]     Undesignated statutory references are to the Penal Code.

2.

offender registration annually (§ 290.012, subd. (a); count 6), and failure to register as a sex offender after an address change (§ 290, subd. (b); count 7). As to count 5, the amended information also alleged that defendant had a prior sex offense conviction under section 285 (§ 1203.066, subd. (a)(5)). As to counts 1 through 5, the amended information further alleged that defendant took advantage of a position of trust or confidence (Cal. Rules of Court, rule 4.421(a)(11)),[2] the victim was particularly vulnerable (rule 4.421(a)(3)), and defendant engaged in violent conduct that indicates a serious danger to society (rule 4.421(b)(1)). As to each count, it was also alleged that defendant served a prior prison term (rule 4.421(b)(3)).

A jury found defendant guilty as charged on all seven counts. In a court trial, the trial court found true that defendant had a prior sex offense conviction under section 285 (§ 1203.066, subd. (a)(5)) and the following aggravating factors: the victim was particularly vulnerable (rule 4.421(a)(3)); defendant engaged in violent conduct that indicates a serious danger to society (rule 4.421(b)(1)); and defendant served a prior prison term (rule 4.421(b)(3)).[3] The court sentenced defendant to an aggregate term of 10 years, 8 months, plus 45 years to life as follows: on count 1, 15 years to life; on count 2, 15 years to life, to run consecutively to the term on count 1; on count 3, 15 years to life, to run consecutively to the term on count 2; on count 4, 10 years (the upper term); on count 7, eight months (one-third the middle term), to run consecutively to the term on count 4; on count 5, 10 years (the upper term), stayed pursuant to section 654; and on count 6, eight months (one-third the middle term), stayed pursuant to section 654.[4]

---

[2]     All further rule references are to the California Rules of Court.

[3]     The parties stipulated to a bifurcated court trial on the aggravating factors.

[4]     Because concurrent terms are not part of the principal and subordinate term computation under section 1170.1, subdivision (a), they are imposed at the full base term, not according to the one-third middle term formula, even though they are served at the same time. A concurrent term begins when it is imposed and runs together with the other

## FACTUAL BACKGROUND

G.D., born in 2009, lived with defendant, among others, from October 2018 to June 2020 in Chowchilla. G.D. began to be touched by defendant in the "wrong places" about two weeks into living with defendant. The first time, G.D. was coming back from the bathroom. Defendant picked G.D. up, put her in a room on the floor, and "humped" her with his clothes on. G.D. told him to "get off" and pushed him off. The incident lasted about five minutes.

Another time, defendant picked G.D. up and put her in a room on the floor and again humped her with his clothes on. G.D. could feel defendant's "private" on hers. She could not push defendant off because she had previously injured her elbow. When G.D. threatened to yell, defendant got off. The incident lasted about three minutes. Still another time, G.D. was in the bathroom and defendant told her to "[c]ome out." G.D. refused and locked the door. Defendant used a butter knife to unlock the bathroom door. When G.D. called for her aunt, defendant left.

About three weeks later, defendant told G.D. to go to his room. When she did, he put her on the floor and began "humping" her with his clothes on. G.D. could feel defendant's "private" on hers. G.D. was able to push him off in less than two minutes. Two weeks after that, defendant tried again to get into the bathroom while G.D. was in the shower. When G.D. called for her aunt, defendant left.

---

terms, with the latest expiring term controlling. (§§ 669, 1170.1, subd. (a); see *People v. Bruner* (1995) 9 Cal.4th 1178, 1182, fn. 3; *People v. Matthews* (1999) 70 Cal.App.4th 164, 169, fn. 4.) Such an unauthorized sentence is subject to correction on review. (*People v. Menius* (1994) 25 Cal.App.4th 1290, 1295.) However, because we must vacate the sentence and remand for resentencing on another ground, we note rather than correct the error.

On another occasion when G.D. was sleeping at night, she woke up to find her pants off and defendant licking her in the "wrong places." Defendant told G.D. to "roll over" so that he could lick her "butt." G.D. pushed him off and told him to leave.

While G.D. was inside cleaning dishes and her family was outside, defendant picked her up and put her on the floor where he put his finger in G.D.'s "private area" with her pants on. Defendant put his knee on G.D.'s stomach so she could not get up. Defendant's fingernails were long, and it hurt G.D. very badly. Defendant stopped when someone walked into the room. Defendant stuck his finger inside her "private area" on another occasion thereafter.

Another time, defendant picked her up, put her on the floor in a guest room and began "humping" her and touching her private area over her clothes. Defendant held her down with his knee and stopped only when G.D.'s aunt heard G.D. yelling.

From October 2019 to May 2020, defendant attempted to touch G.D. inappropriately five more times.

## DISCUSSION

### I. Imposition of Consecutive Indeterminate Sentences Under Section 667.6, Subdivision (d)(1)

Defendant argues that the trial court erred when it imposed consecutive sentences on counts 1 through 3. Defendant claims the court erroneously relied on section 667.6, subdivision (d)(1), which makes consecutive sentences mandatory when a defendant is convicted of certain sex offenses specified in section 667.6, subdivision (e) if the crimes involve separate victims or involve the same victim on separate occasions. (§ 667.6, subd. (d)(1).) Defendant claims the sex offense that he was convicted of in counts 1 through 3 under section 288.7, subdivision (b), oral copulation or sexual penetration of a child 10 years of age or younger, is not a specified sex offense listed in section 667.6, subdivision (e). As such, defendant argues that consecutive sentences were not

5.

mandatory, but rather discretionary, and that the court should have used its discretion to determine whether to impose consecutive or concurrent sentences on counts 1 through 3 pursuant to section 669, subdivision (a). The People agree that the court erroneously relied on section 667.6, subdivision (d)(1) and that defendant's conviction under section 288.7, subdivision (b) is not a sex offense listed in section 667.6, subdivision (e). However, the People respond that the court was still aware of and properly exercised its discretion when it sentenced defendant to consecutive terms. We agree with defendant. We vacate defendant's sentence and remand for resentencing.

## A. Additional Background

In defendant's sentencing memorandum before the sentencing hearing, defendant argued that concurrent sentences should be imposed under section 667.6, subdivision (c). Defendant claimed the sexual misconduct was not specific enough for it to be determined a "separate act" under section 667.6, subdivision (d)(1) and (2).[5] Defendant maintained that it was "unclear" whether there were "separate occasions" of sexual misconduct and argued that defendant did not have a "reasonable opportunity to reflect" between one sex crime and another, requesting the court to use its discretion and impose concurrent sentences pursuant to section 667.6, subdivision (c).[6] Although the People offered a sentencing memorandum, it did not make a sentencing argument for counts 1 through 3.

At the sentencing hearing, the trial court first acknowledged that it received the initial probation report and recommendation, the sentencing memorandums of both

---

[5] Section 667.6, subdivision (d)(2) sets forth that "[i]n determining whether crimes against a single victim were committed on separate occasions under this subdivision, the court shall consider whether, between the commission of one sex crime and another, the defendant had a reasonable opportunity to reflect upon the defendant's actions and nevertheless resumed sexually assaultive behavior." (§ 667.6, subd. (d)(2).)

[6] Defendant erroneously sought application of section 667.6, subdivision (c). This statute is inapplicable to defendant's conviction for counts 1 through 3 because section 288.7 is not an enumerated sex offense listed in section 667.6, subdivision (e).

parties, and the probation report's supplemental information regarding sentencing. The court said that it "read and considered" the probation report's supplemental information. The probation report's sentencing recommendation in both the initial report and supplemental information as to counts 1 through 3 stated that each count was to be imposed full and consecutive to all other counts, pursuant to section 667.6, subdivision (d)(1), as the offenses occurred with the same victim on multiple occasions.

The trial court responded to defendant's argument in his sentencing memorandum regarding application of section 667.6 and whether the acts were separate enough for the court to impose the mandatory consecutive sentencing provision under section 667.6, subdivision (d)(1). In considering whether the sexual misconduct was separate enough for it to be determined a "separate act" under section 667.6, subdivision (d)(1) and (2), the court and defense counsel engaged in the following dialogue:

> "[Trial Court]: Okay. [¶] [Defense counsel], in your sentencing memorandum your argument was that … the counts weren't adequately described for the jury to differentiate acts; is that right?"

> "[Defense Counsel]: Yes, Your Honor. It was kind of fuzzy as to dates and times.

> "[Trial Court]: Well, I reviewed the Information, and the Information, I think, was specific enough to give notice for the jury to figure that out, so I wanted to point that out."

Thereafter, the trial court imposed consecutive sentences on counts 1 through 3 as follows:

> "As to Count 1, a felony violation of Section 288.7, subdivision (b), the Court imposes 15 years to life state prison.

> "As to Count 2, a felony violation of Section 288.7, subdivision (b) … the Court imposes 15 years to life in state prison, imposed full and consecutive to all other counts, pursuant to … Section 667.6, subdivision (d)(1).

"As to Count 3, a felony violation of [section] 288.7, subdivision (b) … the Court imposes 15 years to life in state prison, imposed full and consecutive to all other counts, pursuant to … Section 667.6, subdivision (d)(1).

"The aggregate indeterminate term is 45 years to life in state prison."

At no point did the trial court purport to exercise sentencing discretion in imposing the sentences consecutively or indicate that it would have reached the same outcome if it had discretion.

## B. Analysis

The parties agree the trial court was not bound to impose mandatory consecutive sentences for counts 1 through 3. Therefore, we turn to whether the court still properly exercised its discretion in imposing consecutive terms for counts 1 through 3, despite erroneously relying on the mandatory sentencing provision under section 667.6. (*People v. Withers* (1946) 73 Cal.App.2d 58, 60 [whether sentences are to run concurrently or consecutively is a question addressed to the judgment of the court, the exercise of which will not be disturbed in the absence of a showing of abuse of discretion].)

Under section 669, a trial court has discretion to impose either concurrent or consecutive sentences for multiple convictions of indeterminate terms. (§ 669, subd. (a); *People v. Leon* (2016) 243 Cal.App.4th 1003, 1025; *People v. Rodriguez* (2005) 130 Cal.App.4th 1257, 1262.) In exercising its discretion whether to impose concurrent or consecutive terms, a court should consider the factors set forth in rule 4.425. Facts relating to the crime include: (1) the crimes and their objectives were predominantly independent of each other; (2) the crimes involved separate acts of violence or threats of violence; or (3) the crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior. (Rule 4.425(a)(1)–(3).) Any circumstances in aggravation or

mitigation may also be considered except for a fact used to impose the upper term. (Rule 4.425(b)(1).)

Defendants are entitled to "sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court," and a court that is unaware of its discretionary authority cannot exercise its informed discretion. (*People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8.) In such a circumstance, remand is required unless the record reveals a clear indication that the court would not have reduced the sentence even if at the time of sentencing it had the discretion to do so. (*People v. Almanza* (2018) 24 Cal.App.5th 1104, 1110.) Without such a clear indication of a court's intent, remand is required when the court is unaware of its sentencing choices. (*Ibid.*)

Defendant's sentencing memorandum argued for concurrent sentences on all counts and sought application of section 667.6, subdivision (c), which provides that a "full, separate, and consecutive term *may* be imposed for each violation of an offense specified in [section 667.6,] subdivision (e) if the crimes involve the same victim on the same occasion." (§ 667.6, subd. (c), italics added.) As stated above, section 667.6 is inapplicable. However, the discussion surrounding application of section 667.6, subdivision (c) provides guidance as to whether the court in this case exercised some discretion, despite applying the wrong law, since the mandatory language is removed.

After noting receipt of defendant's sentencing memorandum where defendant argued that section 667.6, subdivision (c) should be used rather than section 667.6, subdivision (d)(1), the court addressed defense counsel and stated, "in your sentencing memorandum your argument … that … it was insufficient as the counts weren't adequately described for the jury to differentiate acts .…  [¶] … [¶] …  Well, I reviewed the Information, and the Information … was specific enough to give notice for the jury to figure that out, so I wanted to point that out."  Thereafter, the court imposed mandatory consecutive sentences pursuant to section 667.6, subdivision (d)(1) without any further

findings or statements. The court did not address subdivision (c) of section 667.6 or its discretion.

The People argue that the trial court's determination that the acts were "specific enough to give notice to the jury" was adequate in indicating the court exercised discretion since rule 4.425 sets forth a similar finding.[7] However, the court's statement that defendant's acts were "specific enough to give notice for the jury" does not show it exercised discretion under rule 4.425.

The trial court did not consider section 669 or rule 4.425 on the record despite imposing mandatory consecutive sentences pursuant to section 667.6, subdivision (d)(1). The court also did not state additional reasons for imposition of consecutive sentences. (Cf. *People v. Gutierrez* (1996) 48 Cal.App.4th 1894, 1896 [declining to remand where although the court was unaware of its sentencing discretion, the court still indicated its discretion on the record and stated that the defendant was " 'the kind of individual the law was intended to keep off the street as long as possible' "].) Considering the court's comments at the sentencing hearing in response to defendant's sentencing memorandum and the application of section 667.6, it is unclear whether the court understood its sentencing discretion. When the record shows that the court proceeded with sentencing on the erroneous assumption it lacked discretion, remand is necessary so that the court may have the opportunity to exercise its sentencing discretion at a new sentencing hearing. (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 530, fn. 13; *People v. Brown* (2007) 147 Cal.App.4th 1213, 1228.)

The People further argue the trial court exercised discretion because it adopted the probation officer's report and recommendations. This argument fails for at least two

---

[7]    As previously noted, rule 4.425 states that if the "crimes involved separate acts of violence or threats of violence" or if the "crimes were committed at different times or separate places," consecutive sentences *may* be imposed. (Rule 4.425(a)(2)–(3).)

reasons. First, the probation report and supplemental information regarding sentencing relied on the same inapplicable statute—section 667.6, subdivision (d)(1)—when it recommended sentencing defendant to mandatory consecutive sentences for counts 1 through 3. Although the initial probation report set forth "criteria affecting concurrent/consecutive sentences [capitalization, boldface, and underlining omitted]" under rule 4.425, this criterion was not part of the probation report's sentencing recommendations or supplemental information. Also, contrary to the People's assertion, the court never adopted the finding. Based on the record before us, there is nothing to show that the court exercised its discretion or considered the criteria listed under rule 4.425 when it sentenced defendant.

With respect to the aggravating factors found to be true in this case, the People argue that the trial court properly imposed consecutive sentences on counts 1 through 3 because only one factor in aggravation is necessary to support a consecutive sentence. (See *People v. Davis* (1995) 10 Cal.4th 463, 552 [only one criterion or factor in aggravation is necessary to support a consecutive sentence].) Here, the court found true three aggravating factors.[8] However, the court used the aggravating factors to support the upper term for count 4. Defendant correctly argues that an aggravating factor that is used by the court to impose the upper term cannot also be used to impose consecutive sentences. (Rule 4.425(b)(1) [any circumstances in aggravation or mitigation, whether or not the factors have been stipulated to by the defendant or found true beyond a reasonable doubt at trial by a jury or the judge in a court trial, may be considered in deciding whether to impose consecutive rather than concurrent sentences, except: a fact used to

---

[8] The aggravating factors found true in a bifurcated court trial are as follows: the victim was particularly vulnerable as she was 10 years old, living in the house when the crime was committed; defendant engaged in violent conduct that poses a serious danger to society; and defendant has served a prior prison term.

11.

impose the upper term].) It is possible the court could have used a single aggravating factor to impose the upper term and another aggravating factor to impose consecutive sentences on counts 1 through 3. (See *Davis*, at p. 552; *People v. Black* (2007) 41 Cal.4th 799, 815 [a single aggravating factor is sufficient to permit a court to impose the upper term].) However, the court did not state its intention to use one of the aggravating factors for imposition of consecutive sentences. It is not clear from the record whether the court would have imposed consecutive sentences on counts 1 through 3 had it understood its discretion. (See *People v. Superior Court (Romero)*, *supra*, 13 Cal.4th at p. 530, fn. 13 [unless the court clearly indicates that it would not have done differently even if it applied the correct law, remand is necessary].)

Lastly, defendant asserts that while the trial court sentenced defendant to consecutive sentences on counts 4 and 7, the imposition of consecutive sentences on these counts do not show that the court used discretion when it imposed consecutive sentences on counts 1 through 3. We agree. Defendant was convicted of a violation of section 288, subdivision (b)(1) on count 4. A violation of subdivision (b) of section 288 is an enumerated sex offense under section 667.6, subdivision (e). (§ 667.6, subd. (e)(5).) The court applied the mandatory consecutive sentence under section 667.6, subdivision (d)(1) appropriately for count 4, to run consecutively to count 7. (See *People v. Leon*, *supra*, 243 Cal.App.4th at p. 1025 [the court's discretion is removed for certain sex crimes committed under § 667.6, subd. (d)].) We cannot determine the court exercised its discretion just because it appropriately applied a consecutive sentence for count 4 that was subject to the mandatory sentencing provisions under section 667.6 that counts 1 through 3 were not.

We express no opinion on how the trial court should exercise its discretion on remand.

## II.     Penalty Assessments on a Section 294 Restitution Fine

Defendant argues the trial court erred in imposing penalty assessments on his section 294 restitution fine since it is considered a restitution fine not subject to penalty assessments.  The People agree, as do we.

The trial court imposed an $820 restitution fine pursuant to section 294, subdivision (a).  In imposing the fine, the court further stated:

> "[The fine] includes a $200 base fine, plus penalties, assessments, surcharges and fees, which are listed in the probation report and will be listed on the minute order and Abstract of Judgment."

The abstract of judgment and sentencing minute order indicate the $820 restitution fine (§ 294, subd. (a)) consists of a $200 base fine and the following penalties, assessments, surcharges, and fees:  a $340 state and local penalty assessment (Pen. Code, § 1464; Gov. Code, § 76000); a $40 criminal surcharge (§ 1465.7); a $100 state court construction penalty (Gov. Code, § 70372, subd. (a)); a $100 DNA penalty assessment (Gov. Code, §§ 76104.6, 76104.7); and a $40 emergency medical services penalty (Gov. Code, § 76000.5).

Upon conviction of any person for a violation of section 288.5 and other specified offenses, the court may order the defendant to pay a restitution fine to be "deposited in the Restitution Fund to be transferred to the county children's trust fund for the purposes of child abuse prevention."  (§ 294, subd. (a).)  Restitution fines, collected in cases of sexual offenses against children for purposes of child abuse prevention, are exempt from additional penalties and surcharges.  (*People v. Knightbent* (2010) 186 Cal.App.4th 1105, 1109–1110.)

The penalties, assessments, surcharges, and fees included in the section 294 restitution fine are unauthorized.  (See, e.g., *People v. Scott* (1994) 9 Cal.4th 331, 354.)  Upon remand, the trial court shall not impose penalty assessments in relation to the section 294 restitution fine.

## DISPOSITION

Defendant's sentence is vacated, and the matter is remanded to the trial court for resentencing consistent with this opinion. Upon resentencing, the trial court shall prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.


LEVY, Acting P. J.

WE CONCUR:


DETJEN, J.


SMITH, J.

14.